## WOODWORTH v. KNOWLTON.

A COMPLAINT, in an action to recover personal property, averred that the plaintiff was the owner and possessor of the property at the time of the taking by defendant. The answer denied this allegation, and in addition averred affirmatively, that the property was at that time, owned and possessed by a third person : *held,* that this averment was but another form of denial and not new matter which, under the system of replication formerly in force, was admitted by a failure to reply.

Where an allegation in a verified complaint embraces several distinct propositions, stated conjunctively, a denial, in the answer, of the entire allegation, following the language of the complaint, is insufficient and raises no issue.

Thus where the *form* of *the allegation* was that defendant " unlawfully and wrongfully seized and took said property into his possession from said plaintiff," and the denial was " that he (defendant) wrongfully and unlawfully seized, took, or carried away the said property :" *held,* that the fact that defendant took the property from the plaintiff was not denied but admitted.

Certain personal property owned by plaintiff, but which had been used by A. & G. under a contract of hire, was seized by the Sheriff from the possession of the plaintiff by virtue of an attachment against G., subsequent to which plaintiff having made a demand for the property upon the Sheriff, but not upon A. & G., commenced this action against the former for its recovery : *held,* that the demand, if necessary at all, was properly made upon the defendant in whose possession the property was at the time.

APPEAL from the Fourteenth Judicial District.

The facts are stated in the opinion.

*D. Belden,* for Appellant.

I.   The defendant's answer alleges possession and right of possession in Griffin of the property, and this is not denied in the replication.

II.   In replevin the plaintiff must show affirmatively, that at the time of the alleged caption, he was entitled to the immediate possession of the property taken. (2 Greenl. Ev. 531 ; 3 Wend. 242 ; 20 Johns. 469 ; 3 Hill, 576 ; 4 Duer, 202 ; 1 Sanford, 32 ; 3 Pick. 255 ; 15 Id. 65.)

Says the Supreme Court of New York in speaking of replevin under the code : " The action of replevin under the code takes the place of replevin as regulated by the revised statutes, and makes it a substitute for detinue and a concurrent remedy for

trespass and trover, when defendant is in possession of the goods. (*Brochway* v. *Burnap*, 12 Barb. 252.)

And in each of the forms of action now comprised in replevin, the right to immediate possession upon the part of plaintiff, was absolutely essential.

(In detinue see *Milton* v. *McDonald*, 2 Miss. 45 ; 1 Chitty's Pleadings, 122 ; Bouvier's Dictionary, title Detinue.   And in trespass, to the same point, see 2 Greenl. 512 ; *Hoyt* v. *Gelson*, 13 Johnson, 141 ; *Hind* v. *West*, 7 Cowen, 752 ; *Orser* v. *Storms*, 9 Id. 687 ; *Aiken* v. *Buck*, 1 Wend. 466 ; *Root* v. *Chandler*, 10 Id. 112.)

In trover the same right of possession must be shown in plaintiff. (*Middlesworth* v. *Sedgwick*, 10 Cal. 393 ; *Bush* v. *Lyon*, 9 Cow. 55 ; *Wheeler* v. *Train*, 3 Pick. 255 ; 2 Greenleaf's Ev. title Trover.)

III.   A general hiring of chattels which does not fix the price to be paid, or the term of the hiring (as in this case), is, in law, a contract for a reasonable price, and for such period as both parties please, to be terminated only by demand, and both property and right of possession are for the time being out of the lessor.   (*Smith* v. *Homer*, 15 East. 607 ; *Ayers* v. *Bartlett*, 9 Pick. 156 ; *Fairbanks* v. *Phelps*, 22 Id. 538.)

Such a contract is not terminated, nor the right of possession restored to the lessor by a demand made by the lessor upon the Sheriff, or one acting adversely and under some supposed derivative title in law from the lessee.   (15 East. 607 ; *Ayer* v. *Bartlett*, 9 Pick. 156 ; *Fairbanks* v. *Phelps*, above cited ; *Ford* v. *Higby & Irwin*, 10 Cal. 449.)

In all these cases the Court held that a hiring for an indeterminate time must be terminated by a demand upon the lessee or by some act between the parties themselves, and not by the adversary act of a stranger, and that until the contract was so determined the right of possession necessary to maintain replevin was out of the lessor.

*Thomas P. Hawley*, for Respondent.

I.   No demand upon Atherton & Griffin, for the property, was necessary to enable plaintiff to maintain this action.

The estate of Griffin & Atherton, in the coach and horses, was a bare possession and use by sufferance of plaintiff, and required no demand to divest it. Possession by indulgence of the owner is constructive possession of such owner. · ( *Walcot* v. *Pomeroy*, 2 Pick. 122 ; *Morgan* v. *Ide et al.*, 8 Cush. 423.)

" The possession of a lessee at will is the possession of the lessor." (Com. Digest, title Trespass, V, 2 ; 2 Green. on Ev. Sec. 614; *Putney* v. *Wyley*, 8 Johns. 432 ; *Morgan* v. *Ide*, 8 Cush. 423.)

It is also a well settled rule of law, that the general property of personal chattels draws to it the possession. (2 Pick. 122 ; *Daniel* v. *Pond*, 21 Id. 371 ; *Thorp* v. *Burling*, 11 Johns. 286 ; *Hubbel* v. *Rochester*, 8 Cow. 115 ; *Foster* v. *Gorton*, 5 Pick. 186 ; 7 Tenn. 12 ; 2 Saunders, 47, note.)

If any demand was essential before suit brought, it was a demand of the Sheriff after caption, and such a demand was made by plaintiff.

II. The averment in the answer as to right of possession in Griffin was not new matter and required no reply. The complaint alleged that plaintiff was the owner of and entitled to the possession of the property in question. The answer denied the allegation of ownership and right of possession as set forth in plaintiff's complaint, and alleged adverse ownership and right of possession in Griffin, thus putting in issue the ownership and right of possession and rendering further allegations to such point superfluous. The allegation in the answer was responsive to the allegation in the complaint, and was not new matter requiring a denial in the replication. (*Frisch* v. *Caler*, 21 Cal. 71.)

III. Under the statute of this State either ownership or right of possession is sufficient to enable plaintiff to maintain his action. The right of immediate possession in the owner of the property is not really essential to enable such owner to maintain replevin against a stranger for an injury to his reversionary interest. (*Kuhland* v. *Sedgwick*, 17 Cal. 127.)

No adverse or intervening estate or interest in or to the property was shown in Griffin & Atherton other than a mere bailment at will of plaintiff, hence the rule " that the general property draws to

it the possession where there is no intervening adverse right of enjoyment," applies to this case. (See 2 Greenl. Ev. Sec. 614, and cases before cited.)

Where the bailment is at the will of the owner and he can at any time take the property into his own hands at pleasure, in such case he can maintain trespass as for an injury to his own actual possession, and this proof will support the averment. (1 Chitty on Plead. 9, 169; *Lotan* v. *Cross*, 2 Camp. 464; *Hubbell* v. *Rochester*, 8 Conn. 115; *Hingham* v. *Sprague*, 15 Pick. 102; *Starr* v. *Jackson*, 11 Mass. 519; *Walcott* v. *Pomeroy*, 2 Pick. 122; *Woodruff* v. *Halsey*, 8 Id. 333; *Morgan* v. *Ide et al.*, 8 Cush. 423.)

Trespass *de bonis* and replevin are concurrent remedies. (*Allen* v. *Crary*, 10 Wend. 349; 1 Mason, 322; *Stewart* v. *Wells*, 6 Barb. 79; 10 Johns. 373.) For any wrongful taking of goods for which trespass could be maintained replevin lies. (*Hopkins* v. *Hopkins*, 10 Johns. 369; *Paughbrun* v. *Partridge*, 7 Id. 140; *Dunham* v. *Wyckoff*, 3 Wend. 280.)

Possession of a lessee at will is the possession of the lessor, and no demand is necessary to be made upon such lessee for the delivery of the property before suit can be maintained by the lessor against a third person for the wrongful taking or detention thereof. (*Woodbury* v. *Long*, 8 Pick. 544; *Boise* v. *Knox*, 10 Met. 40; *Thurston* v. *Blanchard*, 22 Pick. 20.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action for the possession of certain personal property, to wit: a coach and eight horses. Woodworth, the plaintiff, a livery stable keeper, let Griffin & Atherton use the property, and they agreed to pay for the use of the same by the following instrument of writing executed by them:

" GRASS VALLEY, August 4th, 1861.

" This is to certify that we agree to pay to B. F. Woodworth six dollars per day for the use of eight horses and a coach to run between Boston Ravine and Nevada.

" J. P. ATHERTON,
" A. GRIFFIN."

On the twenty-third day of October, 1861, Knowlton, as the Sheriff of Nevada County, attached the coach and horses as the property of Griffin, under and by virtue of a writ of attachment in his hands for service. The plaintiff recovered judgment in the District Court. A motion for a new trial was denied, and the defendant appeals to this Court.

The proceedings in this case were had during the existence of the statute requiring a replication to new matter set up in the answer. In this case the complaint averred that the plaintiff was the owner and entitled to the possession of the property in question; the answer denies this averment, and avers that at the time of the levy upon the property, it was the property in the possession of and owned by Griffin. Appellant avers that this is new matter in the answer, and is admitted to be true, not being denied in the replication. An examination of the record discloses the fact that it is directly denied in the replication; but even if it had not been, these averments in the answer are not new matter within the meaning of the statute. It is but another form of denial of plaintiff's ownership and right of possession set forth in the complaint. (*Frisch* v. *Caler*, 21 Cal. 71.)

Appellant also contends that plaintiff did not show that he was entitled to the possession of the property at the time of the commencement of the action, because he did not prove any demand of Atherton or Griffin for the property; that they held the property as lessees; that their right of possession as such lessees could not be terminated without a special demand upon them. The pleadings in this case are verified, and the complaint avers that the plaintiff was, on the day of the taking, the owner of and entitled to the possession of the property, and that the defendants "unlawfully and wrongfully seized and took said property into their possession from said plaintiff," etc. The answer denies "that he wrongfully and unlawfully seized, took, or carried away the said property," etc. This is no denial of the fact that he seized and took the property from the plaintiff; it is a mere denial that it was wrongfully or unlawfully done. (*Kuhland* v. *Sedgwick*, 17 Cal. 123; *Caulfield* v. *Sanders*, Id. 569; *Higgins* v. *Wurtell*, 18 Id. 330; *Busonius* v. *Coffee*, 14 Id. 92; *Blankman* v. *Vallejo*, 15 Id. 644.) The

pleadings, therefore, admit that the defendant took the property from the plaintiff, and this seems to be sustained by the evidence of Atherton, who says: "I saw the property, before it was attached, in Woodworth's stable." The evidence and pleadings show clearly that the plaintiff was the owner of the property, and in possession at the time of the levy of the attachment, and we see nothing in the evidence showing a right of possession in any person other than the plaintiff at the time of the commencement of the suit. The attachment gave the defendant no authority to take property owned by the plaintiff, and his seizure of the property was therefore wrongful and unlawful. If any demand whatever was necessary in this case, which is not very clear, it was sufficient to make that demand of the party in actual possession, and who was able to comply with it, and it would have been but an idle ceremony to make a demand of Atherton or Griffin, who could not have complied with it had they been willing to do so.

Judgment affirmed.