## SPARKS *v.* HERITAGE.

REPLEVIN.—*Plea of Property in Defendant.*—A defendant in replevin may prove, under the general denial, his ownership of the property in dispute; therefore, the general denial being pleaded, it is not error to strike out a special answer setting up property in the defendant.

PRACTICE.—*Sufficiency of Complaint.*—*Supreme Court.*—Where a complaint is not demurred to, and on appeal it is not assigned for error that it does not state facts sufficient to constitute a cause of action, no question as to the sufficiency of the complaint is presented to the Supreme Court.

SAME.—*Immaterial Evidence.*—A judgment will not be reversed on account of the admission of immaterial evidence, unless it appears that the party objecting was injured in his rights by its admission.

NEW TRIAL.—*Motion.*—A motion for a new trial, on the ground of the admission of improper evidence, must specifically point out what evidence was improperly admitted.

SAME.—*Appeal.*—*Evidence.*—Where the whole evidence is not set out in the bill of exceptions, the Supreme Court cannot consider the question of the insufficiency of the evidence to sustain the verdict.

From the Madison Common Pleas.

*R. Lake, W. R. Pierse,* and *H. D. Thompson,* for appellant.
*M. S. Robinson* and *J. W. Lovett,* for appellee.

DOWNEY, C. J.:—This was an action by the appellee against the appellant, to recover the possession of personal property. The defendant pleaded, first, the general denial, and, second, property in the defendant. On motion of the plaintiff, the second paragraph of the answer was stricken out, and the question was reserved by the defendant by a bill of exceptions. There was a trial by the court, a finding for the plaintiff, a motion for a new trial made by the defendant overruled, and judgment on the finding.

The assignment of errors is, in some respects, peculiar, but we construe it as alleging that there was error in striking out the second paragraph of the answer, and in overruling the motion for a new trial. Counsel discuss the sufficiency of the complaint, but there was no demurrer to it, nor is it assigned as error that the complaint does not state facts sufficient to constitute a cause of action. Hence the question as to its sufficiency is not before us.

There was no error in striking out the second paragraph of the answer. It was unnecessary. Evidence of property in the defendant was admissible under the issue formed by the general denial. *Kennedy* v. *Shaw*, 38 Ind. 474. It is not error to reject special paragraphs setting up no fact not put in issue by the general denial.

The first and second reasons stated why a new trial should have been granted are, that the court admitted evidence concerning certain personal property, not in controversy in this action. Assuming that this is true, and yet we do not see that it should cause a reversal of the judgment. We will not say that the admission of immaterial evidence will in no case justify a reversal of the judgment. But certainly it will not, unless it appear that the party objecting was injured in his rights by its admission. *Van Vacter* v. *M'Killip*, 7 Blackf. 578.

The third reason is, that the court erred in receiving "improper and incompetent evidence" on the trial of said cause, over the objection of the defendant. See *Alley* v. *Gavin*, 40 Ind. 446, and *Mooklar* v. *Lewis*, 40 Ind. 1, on this subject.

The other reasons for a new trial call in question the sufficiency of the evidence. The bill of exceptions which is in the record does not profess to contain all the evidence. For this reason we can not consider the question.

The judgment is affirmed, with costs.