[No. 546. Decided January 29, 1889.]

## C. P. CHAMBERLIN v. OCIE WINN.

REPLEVIN—GENERAL DENIAL—OWNERSHIP IN THIRD PARTY—INSTRUCTIONS—RIGHTS UNDER BILL OF SALE.

In an action to recover the possession of specific personal property the defendant may, under the general denial, prove ownership or the right of possession of the property in controversy in a third person.

An instruction to the jury that " the plaintiff claims that the defendant detains her property, fifty head of neat cattle. . . . The defendant denies that he detains any of said property; so as to the cattle, the issue is clear and positive," is misleading, because it ignores the question of ownership, or right of possession of the property.

Where there was evidence to show that a bill of sale under which defendant claimed had been given in compromise of a disputed claim, it is error to instruct the jury that such bill of sale conveys no right to the property in question.

*Appeal from District Court, Whitman County.*

*Sullivan, Wolford & Sullivan,* and *C. S. Voorhees,* for appellant.

*Allen & Crowley,* and *Anders, Brents & Clark,* for appellee.

The opinion of the court was delivered by

BURKE, C. J.—This is an action brought by Ocie Winn against C. P. Chamberlin to recover certain personal prop-

erty. The essential allegations of the complaint are as follows: (1) That on the 21st day of October, 1886, the plaintiff was the owner and in possession of fifty head of cattle branded O W, and of the value of $2,000; (2) that on said date, and while she was the owner and in possession of the cattle, the defendant wrongfully, by means of threats, compulsion and duress, forced, compelled and induced her, against her will, and without any valuable or other consideration therefor, to deliver the possession of said cattle to him, and to sign and deliver to him a certain paper in the form of, and purporting to be, a bill of sale to said cattle, although, in fact, no sale whatever was made by her to him, or any consideration paid or given, or agreed to be paid or given, by him to her therefor; (3) that plaintiff is still the owner of said cattle, and is entitled to their possession; (4) that before the commencement of this action she demanded the return of said paper and of said cattle of said defendant; (5) that defendant then and there refused, and has ever since refused, to so return and deliver them to her, and has ever since wrongfully detained, and still so detains, the same from her, at Whitman county, Washington Territory, to her damage in the sum of $500. Then follows the usual prayer in such cases for possession of the property or its value.

To this complaint the defendant answered, pleading a general denial of each and every allegation thereof. On the complaint and answer the cause was tried before a jury, verdict was found for the plaintiff for part of the property (eighteen head of cattle), and judgment rendered accordingly. The defendant appeals the case to this court, alleging numerous errors.

In the course of the trial, the plaintiff being called as a witness in her own behalf, the defendant sought by cross-examination to prove that a third person was the owner, and entitled to the possession of the personal property in controversy. To the question put for that purpose objec-

tion was made by the plaintiff and sustained by the court, on the ground that the defendant could not prove property in a third person under the general denial.

The ruling of the court upon this question was erroneous. In an action like this, brought to recover possession of specific personal property, the defendant may, under the general denial, prove ownership or the right of possession in a third person. Pom. Rem. (2d ed.), § 678; *Caldwell v. Bruggerman*, 4 Minn. 270 (Gil. 190); *Woodworth v. Knowlton*, 22 Cal. 164; *Schulenberg v. Harriman*, 21 Wall. 44; *Sparks v. Heritage*, 45 Ind. 66; *Timp v. Dockham*, 32 Wis. 146; *Rockwell v. Saunders*, 19 Barb. 473. The authorities cited by counsel for the appellee in support of the ruling of the court below are not in point in this case. They simply show that a different rule from that here adopted obtains in cases of trover and trespass *de bonis asportatis*.

The next assignment of error relates to the charge of the court to the jury. Upon the trial the court gave this instruction to the jury:

" The plaintiff claims that the defendant detains her property, fifty head of neat cattle, branded as in the complaint described. The defendant denies that he detains any of said property; so, as to the cattle, the issue is clear and positive."

The instruction was clearly misleading, because it presents the case to the jury as if the only issue upon the trial was the mere detention of property in dispute by the defendant. So far as the jury could see from this instruction they had nothing whatever to do with the question of the plaintiff's ownership or right of possession of the property in controversy, and yet these were controlling issues in the case. This instruction was repeated in effect once or twice in the course of the learned judge's charge, so that it was calculated to give the jury the impression that the issue to be tried in nowise in-

volved the question of the ownership and the right of possession of the property in dispute.

The court gave the following instruction to the jury:

"The defendant claims that if plaintiff had any cattle upon the range, she, by a certain bill of sale introduced herein, sold them to plaintiff. The court instructs you that, under the evidence herein, said bill of sale conveys no right to any property therein mentioned to the defendant."

There was evidence before the jury, as disclosed in the record, tending to prove that the bill of sale in question was given as a compromise of disputed claims between Chamberlin and Winn, the plaintiff's husband. Under the evidence in the case it became a question of fact for the jury to determine whether the bill of sale was given as a compromise of a doubtful claim, fairly made. The above instruction excludes the consideration of the question of fact from the jury, and, for that reason, is erroneous. A compromise of a doubtful claim is a good consideration for a promise. 1 Pars. Cont. (7th ed.), 467; *Wehrum v. Kuhn*, 61 N. Y., 623; *Hoge v. Hoge*, 1 Watts, 163 (26 Am. Dec. 52).

The decision of the court upon these points renders it unnecessary to consider the other assignments of error in the case.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

ALLYN and NASH, JJ., concur.