[No. 136. Decided March 5, 1891.]

JAMES F. REYNOLDS, ROBERT W. BATTERSBY AND PETER S. BATTERSBY, *Copartners*, v. DEXTER HORTON & CO., *Bankers*.

REPLEVIN — TITLE AS AGAINST TRESPASSER — FINDINGS BY COURT — WHEN SET ASIDE.

A finding by the court stands as a special verdict, under Code 1881, § 247, and, unless so clearly unfounded that it would be set aside if made by a jury, will not be disturbed.

Where the lessee of school lands quarries stone thereon, and subsequently assigns the lease and sells the stone to another party, the latter's possession under a claim of ownership made in good faith is sufficient to support an action of replevin against one who, without any right, enters upon the leased land and takes away the stone.

Although the act of quarrying may be waste by the tenant, the possession of his grantee is good as against any mere wrong-doer.

*Appeal from Superior Court, King County.*

Action of claim and delivery of personal property by Dexter Horton & Co., Bankers, a corporation, against Reynolds and Battersby Bros., a copartnership. Trial by the court, which made, among others, the following findings of fact, to wit:

"*Third:* That on the 10th day of May, 1890, and for a long time prior thereto, plaintiff was in the possession of the following described personal property, to wit: One thousand tons of rubble and dimension sandstone, then lying and being at what is commonly known as the Le Grande stone quarry, in Whatcom county, State of Washington; that said plaintiff held said stone under and by virtue of a bill of sale of the same, executed to plaintiff by the Builders' Material Company, a corporation, which said last named corporation quarried said stone upon said lots one, two, three and four of the northwest quarter of the northwest quarter, section thirty-six (36), township thirty-seven (37) north, range two east, in Whatcom county, State of Washington; that said Builders' Material Company was in possession of said lots at the time of the quarrying of said stone, under and by virtue of the terms of a lease granted by the board of county commissioners of Whatcom county, State of Washington; that said section thirty-six (36) is school lands of the State of Washington; that said lease to the Builders' Material Company was assigned to the plaintiff, Dexter Horton & Co., Bankers; that under said assignment of lease, the plaintiff, Dexter Horton & Co., went into possession of said lands and stone quarry on the 17th day of February, 1890, and ever since has been and now is in the possession of said land.

"*Fourth:* At the time of the execution of the bill of sale of said stone to Dexter Horton & Co., plaintiffs, and at the time of the assignment of said lease, said plaintiff hired and employed one ——— Scott, who resided at said stone quarry, to look after said stone, and said Scott, as agent of the plaintiff, was in the possession of said stone at the time defendants removed the same.

"*Fifth:* That on the 10th day of May, 1890, said defendants, Reynolds & Battersby Bros., at said Le Grande stone quarry, without plaintiffs' consent, came into and took possession of said personal property and placed the same upon a scow, and removed said stone thereon to the city of Seattle, King county, State of Washington."

Judgment for plaintiff, and defendants appeal.

*Geo. D. Blake,* and *W. Lair Hill,* for appellants.

This case involves the law of landlord and tenant. The State, that is the late Territory of Washington, being the landlord, the "Builders' Material Co." the tenant, and the plaintiff the assignee of the tenant. The quarrying of the stone for the purpose of sale by the tenant was waste. Gear on Landlord and Tenant, § 119; Laws of Washington 1889–90, p. 553, § 7; Cruise's Digest, pp. 62–67, 258; Addison on Torts (Wood's ed.), §§ 325, 350, 351, and note to § 325.

The moment the stone was quarried, whether by the tenant or a stranger, the absolute and exclusive property in and possession to it vested in the landlord. The tenant had no property whatever in it, and it follows as an irresistible conclusion that the landlord, and he alone, could maintain an action to recover it from the defendants. Gear on Landlord and Tenant, §§ 121, 168 and 169; Taylor's Landlord and Tenant (8th ed.), § 771; 1 Addison on Torts (Wood's ed.), pp. 371, 426, 427, 472, 473; 1 Washburn on Real Property (5th ed.), star p. 119; 2 Washburn on Real Property (5th ed.), star p. 393; *Randall v. Cleaveland,* 6 Conn. 328; *Bulkley v. Dolbeare,* 7 Conn. 232; *Van Deusen v. Young,* 29 N. Y. 1; *Tobias v. Cohn,* 36 N. Y. 363; *Cooper v. Randall,* 59 Ill. 317; *City of Chicago v. McDonough,* 112 Ill. 85; *Harlan v. Harlan,* 15 Pa. St. 507 (53 Am. Dec. 612); *McIntire v. Westmoreland Coal Co.,* 118 Pa. St. 108 (11 Atl. Rep. 808); *Gilbert v. Kennedy,* 22 Mich. 5; *Starr v. Jackson,* 11 Mass. 519; *Hastings v. Livermore,* 7 Gray, 194.

It is well settled law that when the plaintiff in a replevin suit, or claim and delivery action under the code, to sustain his claim to the property, relies on his prior actual possession of it, such possession must have been lawful and rightful. Wells on Replevin, §§ 109–111, 678; *Hatch v. Fowler,* 28 Mich. 205; *Bayless v. Lefaivre,* 37 Mo. 120; *Moorman v. Quick,* 20 Ind. 68; *Miller v. Jones,* 26 Ala. 260; *Weld v. Hadley,* 1 N. H. 298; *Harris 'v. Smith,* 3 Serg. & R. 23; *Brownell v. Manchester,* 1 Pick. 232; *Stanley v. Gaylord,* 1 Cush. 536.

"A plaintiff in replevin, like plaintiffs in other actions, must maintain his case upon the strength of his own title or claim. It is immaterial whether the defendant has or has not any title when the plaintiff fails to show any in himself. When the plaintiff so fails, the possession of the replevied property as a general rule ought to be restored to the defendant, who if he is not the true owner will be answerable for it to such owner." Per Metcalf, J., in *Johnson v. Neale,* 6 Allen, 227; *Barry v. O'Brien,* 103 Mass. 520; *Park v. Mellor,* 1 Ld. Raymond, 217; *Simcoke v. Frederick,* 1 Ind. 54; *Marienthal v. Shafer,* 6 Iowa, 223; *Ingraham v. Hammond,* 1 Hill, 353; *Murphy v. S. C. & P. Ry.,* 55 Iowa, 473; *Gartside v. Nixon,* 43 Mo. 138; *Gray v. Parker,* 38 Mo. 160; *Harrison v. McIntosh,* 1 Johns. 380; *Hatch v. Fowler,* 28 Mich. 206; *Patterson v. Fowler,* 23 Ark. 459; *Davidson v. Waldron,* 31 Ill. 120; *Daws v. Greene,* 32 Barb. 490; *Hallett v. Fowler,* 8 Allen, 93.

It is well settled law, that under a general denial of property and right of possession in the plaintiff in a replevin suit, the defendant can show title in a third person and, upon doing so, will always be entitled to a return of the property, where it has been delivered to the plaintiff in the action, without in any way connecting himself with the title of such third person. Law of Replevin (Cobbey),

§§ 751, 784–7, 1139; Wells on Replevin, §§ 492, 493, 692–4; *Chamberlin v. Winn,* 20 Pac. Rep. 780, and cases cited; *Prosser v. Woodward,* 21 Wend. 205; *Ingraham v. Hammond,* 1 Hill, 353; *Marienthal* v. *Shafer,* 6 Iowa, 223; *Louis v. Buck,* 7 Minn. 104; *Quincy v Hall,* 1 Pick. 357; *Johnson v. Neale,* 6 Allen, 227; *Barry v. O'Brien,* 103 Mass. 520; *Leonard v. Whitney,* 109 Mass. 268; *Belden v. Laing,* 8 Mich. 500; *Ribble v. Lawrence,* 51 Mich. 569.

*Cole, Blaine & De Vries,* for appellee.

The appellee being in possession of the land, it was entitled to the possession of the stone; and no one, not even the landlord, could enter the premises for the purpose of removing stone therefrom. *Johnson v. Elwood,* 53 N. Y. 433; *Hungerford v. Redford,* 29 Wis. 348; *Stockwell v. Phelps,* 34 N. Y. 363; *Halleck v. Mixer,* 16 Cal. 574; *Anderson v. Hapler,* 34 Ill. 438; *Page v. Fowler,* 28 Cal. 607; Cobbey, Replevin, § 375.

The naked possession of goods with claim of right is sufficient evidence of title against any one who shows no better title. The appellee in this action having possession of the stone in controversy and claiming to be the owner thereof, was entitled to judgment as against the appellants who never had possession and were never connected with the title. Law of Replevin (Cobbey), § 60, and cases cited; 2 Greenleaf on Evidence, § 637; *Duncan v. Spear,* 11 Wend. 54–57, and note; *Demick v. Chapman,* 11 Johns. 132; *Johnson v. Carnley,* 10 N. Y. 570; *Miller v. Adsit,* 16 Wend. 357, and cases cited; *Morris v. Danielson,* 3 Hill, 168; *Van Namee v. Bradley,* 69 Ill. 299; *Van Baalen v. Dean,* 27 Mich. 104; *Hatch v. Fowler,* 28 Mich. 208; *Page v. Fowler,* 37 Cal. 100; *Eisendrath v. Knauer,* 64 Ill. 402; *Davis v. Loftin,* 6 Tex. 497.

The appellants not having connected themselves with the

title to the stone in this case, all that was necessary for the appellee to show was the fact of its prior possession. Law of Replevin (Cobbey), §§ 90, 136; *Stowell v. Otis,* 71 N. Y. 38; *Cobb v. Megrath,* 36 Ga. 625; *Clark v. Heck,* 17 Ind. 281; *Wortham v. Gurley,* 75 Ala. 356; *Huddleston v. Huey,* 73 Ala. 215; *Jones v. Anderson,* 76 Ala. 427.

A defendant will not be entitled to a judgment of return by simply showing property in a stranger; he must connect himself with the title of the stranger and thus establish a right paramount to that of the plaintiff, justifying the taking of the property. *Stowell v. Otis,* 71 N. Y. 36; *Rogers v. Arnold,* 12 Wend. 30; *Gerber v. Monie,* 56 Barb. 661; *Griffin v. Long Island Railroad Co.,* 101 N. Y. 352; *Johnson v. Carnley,* 10 N. Y. 578 (61 Am. Dec. 762); *Wheeler et al. v. Lawson et al.,* 103 N. Y. 40; *Duncan v. Spear,* 11 Wend. 53; *Delaney v. Canning,* 52 Wis. 266; *Van Baalen v. Dean,* 27 Mich. 104.

The appellants showing no interest in themselves, could not question appellee's interest. 2 Greenleaf on Evidence, § 637; *Eisendrath v. Knauer,* 64 Ill. 402; *Wilson v. Royston,* 2 Ark. 315; *Wallace v. Brown,* 17 Ark. 450; *L. S. & M. S. Ry. v. Ellsey,* 85 Pa. St. 283; *Raynor v. Timerson,* 46 Barb. 526; Law of Replevin (Cobbey), § 88.

The opinion of the court was delivered by

STILES, J.—The court below found as a fact that appellees were in possession of the stone in controversy at the time when appellants entered upon the lands where it lay and removed it. Considering the character of the property—newly quarried stone—we cannot say that the court was not warranted in its finding. Unless the finding was so clearly unfounded as that it should have been set aside had it been made by a jury, we should not disturb it. It stands as a special verdict, and must be so treated. Code, § 247. Being in possession, then, it further appeared that appellees claimed to hold the stone under the

following circumstances: A corporation known as the "Builders' Material Company" in 1889 obtained from the board of commissioners of Whatcom county a lease of certain lands in section 36, and thereafter, having discovered a ledge of building stone thereon, opened a quarry and took therefrom the stone in question; and while the stone was still lying at the quarry the Builders' Material Company assigned its lease and made a bill of sale of the stone to the appellees. The appellants, without any right in them, entered upon the leased land and took away the stone by collusion with the appellees' agent, who resided upon the land near the quarry, and had charge of the property. The complaint alleged appellees to be the owners and entitled to the possession of the property, and that appellants had wrongfully taken it from their possession. The answer was a general denial. Judgment was for the appellees.

Appellants contend that, inasmuch as the stone was quarried from lands belonging to the state, and that the act of quarrying was waste by the tenant, the possession of the lessee and of its grantee under the bill of sale was wrongful, and not sufficient to base thereon an action for the taking and detention. But, inasmuch as the appellees were in possession of the stone under a claim of ownership made in good faith, although perhaps erroneous, we hold that the orderly administration of affairs in the community requires that the defendants should not be allowed to get and retain the property in the manner shown by the record. The appellees' possession was rightful as against every one, with the exception, possibly, of the state, and was good as against any mere wrong-doer. Wells, Rep., § 110; Cobbey, Rep., § 136; *Sprague v. Clark*, 41 Vt. 6. The judgment of the court below is therefore affirmed, with costs.

ANDERS, C. J., and DUNBAR, J., concur.

HOYT, J. disqualified.

SCOTT, J., expressed no opinion.