[No. 4939.  Decided July 19, 1904.]

PETER HARVEY et al., Appellants, v. DENA IVORY, Respondent.[1]

REPLEVIN—PLEADINGS—ANSWER—DEFENDANT'S TITLE UNDER A GENERAL DENIAL.    In an action of replevin the defendant may, under a general denial of plaintiff's title and right of possession, show title to the property in himself.

REPLEVIN—JUDGMENT FOR RETURN OF PROPERTY—RELIEF TO DEFENDANT WITHOUT PROOF OF TITLE.    Where plaintiff replevins and obtains possession of property, and fails at the trial to establish his title or right thereto, upon dismissal of the action the defendant is entitled to judgment for the return of the property, or its value if return cannot be had, without allegation or proof in support of such relief.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CREDIBILITY OF WITNESS.    A new trial should not be granted for newly discovered evidence which merely goes to the credibility of the opposite party as a witness, rather than to the right of recovery.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 28, 1903, upon the verdict of a jury rendered in favor of the defendant, in an

[1] Reported in 77 Pac. 725.

action of replevin, directing a return of the property, etc.
Affirmed.

*James Kiefer,* for appellants. The defendant in replevin
must plead his title. *Dennott v. Wallach,* 1 Black 96;
*Richardson v. Smith,* 29 Cal. 530; *Woodworth v. Knowl-
ton,* 22 Cal. 164; *Swasey v. Adair,* 88 Cal. 179, 25 Pac.
1119; *Banning v. Marleau,* 101 Cal. 238, 35 Pac. 772;
*Hill v. Fellows,* 25 Ark. 11; *McIlvaine v. Holland,* 5 Harr.
(Del.) 226; *Lamping v. Payne,* 83 Ill. 463; *Kern v.
Potter,* 71 Ill. 19; *Darter v. Brown,* 48 Ind. 395; *Mc-
Intire v. Eastman,* 76 Iowa 455; *Pope v. Jackson,* 65
Me. 162; *Mathias v. Sellers,* 86 Pa. St. 486, 27 Am. St.
723. The answer must demand a return of the property.
*Liebmann v. McGraw,* 3 Wash. 520, 28 Pac. 1107; *Gould
v. Scannel,* 13 Cal. 430; *Pico v. Pico,* 56 Cal. 453; *Acock
v. Halsey,* 90 Cal. 215, 27 Pac. 193; *Chandler v. Lincoln,*
52 Ill. 74; *Hinchman v. Doak,* 48 Mich. 168; *Capital
Lumbering Co. v. Hall,* 10 Ore. 202; *Gallagher v. Bishop,*
15 Wis. 276.

*Bennett & Whitham,* for respondent. A general denial
is all that is necessary under the code system. Pomeroy,
Rem. & Rem. Rights, § 642; Work, Prac. & Plead. (3d
ed.), §§ 414, 579, 1491; Cobbey, Replevin (2d ed.),
§§ 746, 751; *Ross v. Banta,* 140 Ind. 120; *Matlock v.
Straughn,* 21 Ind. 128.

FULLERTON, C. J.—The appellants brought this action
against the respondent to recover the possession of certain
personal property, consisting of a piano and certain house-
hold furniture. In their complaint they alleged ownership
and right of possession of the property, its unlawful seizure
and detention by respondent, that it was of the value of
$390, and that the respondent had refused to surrender pos-

session thereof to the appellants, on demand made therefor. At the time of filing the complaint they executed and delivered to the sheriff the statutory affidavit and bond, claiming an immediate delivery of the property. On receipt of the affidavit and bond, the sheriff took possession of the property, held it for the statutory time, when, no redelivery bond being filed, he delivered the property to the appellants, who had possession of it at the time of the trial. The respondent thereafter answered the complaint, admitting that she had possession of the property, that demand had been made upon her for it by the appellants, and that it was of the value of $390; and denied generally all of the other allegations of the complaint. The prayer was that the appellants' action be dismissed, and that the respondent recover costs. On the issues thus found, a trial was had before a jury, which returned a verdict in favor of the respondent. On this verdict a judgment was entered adjudging that the respondent was the owner and entitled to the possession of the property, and directing its immediate return to her by the appellants, and, in case its return could not be had, that she have judgment against the appellants for its value, viz., the sum of $390.

At the trial the court permitted the respondent to prove ownership and right of possession to the property in herself. This is assigned as error, on the ground that she had not pleaded title or right of possession in herself to the property; her answer, as we have said, being merely a general denial of the allegations of ownership and right of possession made in the complaint on behalf of the appellant. But, whatever may be the rule elsewhere, it is not the rule in this state that a defendant in an action of replevin may not, under a general denial, show title in himself to the property in controversy. On the contrary, the

rule and the practice have been the other way ever since the case of *Chamberlain v. Winn,* 1 Wash. 501, 20 Pac. 780, decided by the territorial supreme court. It was there held that, in an action brought to recover possession of specific personal property, the defendant could, under a general denial, prove ownership or right of possession in a third person, and, of course, if it be permissible to prove title in a third person under such an answer, it is permissible to show title in one's self.

It is next urged that the court erred in entering a judgment for the return of the property, or its value in case return could not be had, because the respondent had not asked for such return in her answer. There are cases which maintain this position, but we do not feel inclined to follow them. They proceed on the theory that judgment for the return of the property is affirmative relief, and that a defendant, to be entitled to it, must allege and prove himself entitled to it. But plainly this is not sound. The plaintiff obtains possession of the property under the delivery bond by virtue of the statute, not by making good his title thereto. The remedy is allowed him in furtherance of justice, that he may not lose the fruits of his victory, if he succeeds in proving his right to the property, when the question of right is tried out. But his right to possession is not thus absolute; it is conditional only, dependent on his ability to make good his title and right of possession, when these rights are called in question by the defendant. If he fails to make good his title or right of possession, the right of the defendant to have the property returned to him, or to have its value in case it cannot be returned, follows as a matter of course. The plaintiff is the actor, and it is his duty to prove his right to take the property from the defendant, not the defendant's duty to prove the taking

ing wrongful. When, therefore, the plaintiff fails to prove his title or right of possession, the defendant's right to have it returned to him, or have its value in case return cannot be had, is absolute, and needs no allegations or proofs to support it, and judgment in his favor requiring such return or payment of the value of the property is a matter of right. The statute (§ 5020, Ballinger) does not prescribe a different rule.

The last assignment is that the court erred in denying the appellants' motion for a new trial. The ground of the motion is that of newly discovered evidence, but we are clearly of the opinion that there was no error here. The newly discovered evidence goes to the credibility of the respondent as a witness, rather than to her right to recover, and for this reason, were the matter unexplained, it would seem that the motion was properly overruled by the trial court. 14 Enc. Plead. & Prac. 807. But the respondent offers an explanation of the transaction seemingly satisfactory to the trial court. And so satisfactory, indeed, does it seem to us, that we think it more likely that the impeaching witness is mistaken, as to the matter to which he avers, than is the respondent.

As we find no error in the record, the judgment will stand affirmed.

MOUNT, ANDERS, HADLEY, and DUNBAR, JJ., concur.