PERU PLOW & IMPLEMENT CO. v. HARKER.

(Circuit Court of Appeals, Eighth Circuit. March 10, 1906.)

No. 2,269.

1. CORPORATIONS—CONTRACTS—ULTRA VIRES—CONTRACT IMPERVIOUS TO COLLATERAL ATTACK BY STRANGERS.

An executed contract or conveyance to which a corporation is a party is not open to collateral attack by a stranger to it on the ground that its making or acceptance was beyond the power of the corporation.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 1548–1550.]

2. CONVERSION—CHATTEL MORTGAGE AND RIGHT OF POSSESSION OF THIRD PARTY NO DEFENSE.

It is not a complete defense for a stranger who has wrongfully taken property from the possession of the owner and converted it to his own use that a third party had the right to the possession of it to secure payment of a debt for a small percentage of its value.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trover and Conversion, §§ 163–166.]

3. SAME—DEMAND UNNECESSARY WHERE DEFENDANT SEIZED PROPERTY.

A demand is not a prerequisite to an action of conversion by the owner against a stranger who wrongfully took the possession of the property from him.

[Ed. Note.—For cases in point see vol. 47, Cent. Dig. Trover and Conversion, § 58.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of South Dakota.

Joe Kirby, for plaintiff in error.

H. C. Preston (J. L. Hannett, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

144 F.—43

SANBORN, Circuit Judge. The Peru Plow. & Implement Com-- pany, a corporation of the state of Iowa, brought an action against the defendant, Harker, for conversion of a stock of dry goods of the alleged value of $9,600. The plaintiff alleged in its complaint the diverse citizenship of the parties, its incorporation, that' Lewis F. Phillips was on June 4, 1904, the owner of the goods, that the defendant then seized and converted them to his own use, and that Phillips had assigned his right of action for the conversion to the plaintiff. The defendant answered that Phillips was on April 30, 1904, the owner of the stock of goods which was worth not exceed- ing $3,000, that he owed the defendant $3,581.30 therefor, that on that day Phillips gave him a chattel mortgage of this stock to secure this debt, that afterwards Phillips authorized him to take posses- sion of and sell the goods to pay the debt, and he did· so. The new matter in the answer is denied without a reply under the provisions of the Code of South Dakota. The plaintiff introduced evidence which tended to show that Phillips was the owner, and was in the posses- sion of the goods on May 28, 1904, that the defendant seized them on that day without the knowledge or consent of Phillips and converted them to his own use; that the plaintiff is a corporation of the state of Iowa organized to buy and sell agricultural implements and other ar- ticles of like character, that Phillips assigned his right of action for the conversion of the goods to the plaintiff for value on February 20, 1905, that on May 27, 1904, Phillips had made a bill of sale of the stock to one Grimes to secure a debt of $800 which he owed to a firm in which Grimes was a partner, but that none of the goods were taken under this bill of sale, and the debt of $800 secured thereby was subse- quently paid. When this evidence had been elicited and the plain- tiff had rested his case, the court upon motion of the defendant, with- out receiving any evidence on his behalf, directed the jury to return a verdict in his favor, and this ruling is assigned as error.

The evidence which has been recited seems to be sufficient, in the absence of countervailing testimony, to sustain a verdict for the plaintiff. The seizure by a stranger without right of goods in the pos- session of an owner creates a good cause of action in favor of the latter and in favor of his assignee. Counsel for the defendant endeavor to escape from this conclusion on the ground that the acceptance of the assignment of the claim was beyond the powers of the Peru company, and on the ground that the bill of sale to Grimes deprived Phillips of any ·cause of action for the seizure and conversion of the property. But an executed contract or conveyance is not open to collateral attack by strangers to it, upon the ground that a cor- poration which is a party to it was without power to make or to accept it. It may be successfully questioned by no one but the state arid those who are parties or privies to it. Rogers v. Nashville, C. & St. L. Ry. Co., 91 Fed. 299, 317, 33 C. C. A. 517, 535, and cases there cited. The assignment of the cause of action in this case has been executed. Phillips has conveyed away his right to it, and is estopped from denying that his title to it is vested in the plaintiff. It has vested in the Peru company. The title that company has re- ceived may be a defeasible title but until the state or Phillips directly

attacks the assignment, it is impervious to the collateral attacks of third parties.

Nor did the fact that the day before the defendant seized the property Phillips had given a bill of sale of it to Grimes to secure a·debt of $800, which was afterwards paid, constitute any defense to this action. The defendant had no right to the property or to its possession by virtue of the bill of sale to Grimes. He admitted in his answer that the stock was worth $3,000, and that Phillips owned it on April 30, 1901. There was evidence that the latter was in possession of it at that time and on May 28, 1904, when the defendant took it from him without his knowledge or consent. The only effect which the bill of sale to Grimes could possibly have had in this case, if the debt it secured had not been paid, would have been to reduce the amount of the plaintiff's recovery by the sum of $800, and interest. As the debt had been paid it was without effect. As the case stood at the time the verdict was rendered, the defendant was a stranger to Phillips and to the property, who had taken it from the possession of its owner without right. It is not a complete defense for a stranger who has wrongfully taken property from the possession of the owner and converted it to his own use that a third party had a right to the possession of it to secure payment of a debt for a small percentage of its value at the time of the taking. Anderson v. Goudberg, 51 Minn. 294, 53 N. W. 636.

The suggestion is made by counsel for the plaintiff that the verdict was directed, because there was no proof of any demand of the property or of its value before the commencement of the action. Counsel for the defendant do not now claim that such a demand was necessary, and it is plain it was not. A demand of goods or of their value is not a prerequisite to an action of conversion by the owner against a stranger who took them from his possession and appropriated them to his own use without right.

The evidence was sufficient to sustain a verdict for the plaintiff and the judgment below is reversed, and the case is remanded to the court below, with instructions to grant a new trial.