[No. 19227. Department Two. April 21, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Bert Hayashi, Petitioner,* v. J. T. RONALD, *Judge of the Superior Court for King County, Defendant.*[1]

REPLEVIN (33)—EVIDENCE—TITLE AND RIGHT OF POSSESSION—GENERAL DENIAL. Under a general denial in replevin, the defendant may prove ownership and right of possession in a third person at the time suit was commenced.

DEPOSITIONS (3)—INTERROGATORIES — MATERIALITY — ISSUES AND PROOF IN REPLEVIN. Where proposed interrogatories to a non-resident witness are proper and material, it is not discretional for the trial court to refuse a commission to take a deposition.

MANDAMUS (19)—TO COURTS—MATTERS OF DISCRETION—DEPOSITION OF WITNESS. The remedy by appeal is inadequate and mandamus lies to compel the court to grant a commission to take a deposition in a proper case.

[1]Reported in 235 Pac. 21.

Application filed in the supreme court March 20, 1925, for a writ of mandamus to compel the superior court for King county, Ronald, J., to settle interrogatories and grant a commission to take a deposition. Granted.

*Charles E. Congleton,* for relator.

*Bausman, Oldham & Eggerman* and *Arthur E. Simon,* for defendant.

MITCHELL, J.—W. G. McAvoy commenced this action in replevin in the superior court of King county against Bert Hayashi to recover possession of an automobile or the sum of $1,500, the alleged value, if delivery of the car could not be had. The complaint alleges that, while plaintiff was the owner and in possession of the automobile, he delivered it to the defendant upon the false representation and promise that he would sell the automobile for the plaintiff or return it to him immediately, and that demand for possession of it had been made and refused. An amended and supplemental complaint alleges further that, upon the commencement of the action, the plaintiff obtained possession of the automobile by a writ of replevin executed by the sheriff, after which the automobile was again taken possession of wrongfully by parties acting by, for, through, or under the defendant. The defendant's answer consisted of general denials and prayed that the action be dismissed and for costs.

By written interrogatories propounded by the defendant and answered by the plaintiff, after issue joined, it was disclosed that the plaintiff claims to have originally acquired title and possession of the automobile on or about June 30, 1921, from the Mikado Auto Company, Incorporated, through George Fujimoto, an officer of the corporation, by oral agreement. There-

upon, on a showing that George Fujimoto was a material and necessary witness for the defendant in the trial of the action, and that the witness was and would continue to be absent from the state, the defendant made an application to the superior court to settle written interrogatories and for a commission to take the deposition of George Fujimoto. It was proposed to ask the witness, among other questions, if on or about June 30, 1921, as an officer of the Mikado Auto Company, Incorporated, or otherwise, he conveyed the title or delivered possession of the automobile to the plaintiff McAvoy. The application was denied by the court for the reason stated that "the interrogatories, each and all, were and are immaterial and irrelevant to the issues of this cause of action." Upon the entry of that order, the defendant made the present petition to this court for a writ of mandamus. To an alternative writ the defendant here has moved to quash it for the reason that the petition for the writ does not state facts sufficient to authorize the issuance of a writ or the granting of any other relief to the petitioner. The plaintiff in the superior court filed written interrogatories which were answered by the defendant therein which are called to our attention here. They need not be set out for the reason that if, under the issues made by the pleadings in the superior court, it be the law in this state that the defendant can prove ownership or the right of possession in either himself or a third party, then the order complained of is erroneous.

If, as appears to be the case, the plaintiff in the trial court should testify in support of his case that he was the owner and in possession of the automobile at the time and as alleged because of an oral agreement with the Mikado Auto Company, Incorporated, by its officer George Fujimoto, it will be highly proper that the other party to the action be allowed to contradict that testi-

mony by the testimony of Fujimoto, whose testimony cannot be had except by deposition.

In 23 R. C. L., p. 931, Replevin, § 102, it is stated:

"Where the code system of pleading is followed the general rule prevails that a general denial in an action of replevin puts in issue every fact stated in the complaint necessary to sustain the plaintiff's cause of action, and that every defense, general or special, meritorious or technical, may be made under a general denial."

In § 103, p. 932, of the same work it is said:

"It is usually held that the general denial in an action in replevin puts in issue not only the plaintiff's right to possession, but his title to the property replevied. . . . Any evidence tending to disprove the plaintiff's right of possession at the time the suit was begun is competent under a general denial, as for example that the right of possession is in the defendant or a third person."

See, also: 20 A. & E. Annot. Cas., note p. 298; *Schulenberg v. Harriman*, 21 Wall. (U. S.) 44, 22 L. Ed. 551; *Aultman & Taylor Co. v. O'Dowd*, 73 Minn. 58, 75 N. W. 756.

This court has announced the same rule. In the case of *Chamberlin v. Winn*, 1 Wash. 501, 20 Pac. 780, a case wherein plaintiff alleged that, by threats and compulsion, she had been forced to deliver possession of property to the defendant, it was said:

"In an action like this, brought to recover possession of specific personal property, the defendant may, under the general denial, prove ownership or the right of possession in a third person. Pom. Rem. (2d ed.), § 678; *Caldwell v. Bruggerman*, 4 Minn. 270 (Gil. 190); *Woodworth v. Knowlton*, 22 Cal. 164; *Schulenberg v. Harriman*, 21 Wall. 44; *Sparks v. Heritage*, 45 Ind. 66; *Timp v. Dockham*, 32 Wis. 146; *Rockwell v. Saunders*, 19 Barb. 473."

In the case of *Harvey v. Ivory*, 35 Wash. 397, 77 Pac. 725, referring to the *Chamberlin v. Winn* case, we said:

"It was there held that, in an action brought to recover possession of specific personal property, the defendant could, under a general denial, prove ownership or right of possession in a third person, and, of course, if it be permissible to prove title in a third person under such an answer, it is permissible to show title in one's self."

The defendant in the present proceeding relies on such cases as *Reynolds v. Dexter Horton & Co.*, 2 Wash. 185, 26 Pac. 221, and *Anderson v. Gouldberg*, 51 Minn. 294, 53 N. W. 636. The *Reynolds v. Dexter Horton & Co.*, case was one where a tenant of lands belonging to the state quarried stone from the land and then, under an assignment of the lease and a bill of sale of the stone, delivered possession to its grantee, who brought a replevin action to recover the stone from one who wrongfully entered upon the lands where the stone lay and removed it. It was contended by the defendant in that case, upon the proof taken on the trial, that inasmuch as the stone was quarried from state lands and that the quarrying was waste by the tenant, the possession of the lessee or its grantee under the bill of sale was wrongful and not sufficient to base thereon an action for the taking and detention. Of that contention the court said:

"But, inasmuch as the appellees were in possession of the stone under a claim of ownership made in good faith, although perhaps erroneous, we hold that the orderly administration of affairs in the community requires that the defendants should not be allowed to get and retain the property in the manner shown by the record. The appellees' possession was rightful as against every one, with the exception, possibly, of the state, and was good as against any mere wrongdoer."

To the same effect is the case of *Anderson v. Gould-berg, supra,* wherein the court said:

"Therefore the only question is whether bare possession of property, though wrongfully obtained, is sufficient title to enable the party enjoying it to maintain replevin against a mere stranger, who takes it from him."

But these cases and others of a similar kind are not in point in this case, where the plaintiff in the trial court alleged that, at a time when the title and right of possession were in him, he delivered the property to the defendant, that is, defendant did not get possession wrongfully. The distinction between the two classes of cases was clearly pointed out in *Chamberlin v. Winn, supra,* wherein, immediately following what was said in the quotation therefrom hereinabove given, the court said:

"The authorities cited by counsel for the appellee in support of the ruling of the court below are not in point in this case. They simply show that a different rule from that here adopted obtains in cases of trover and trespass *de bonis asportatis.*"

The defendant in this court further contends that mandamus is not a proper remedy in the present situation. His argument is that the granting of a commission to take a deposition is discretional with a judge of the superior court, under Rem. Comp. Stat., § 1240, [P. C. § 7725], and will not be interfered with or controlled by mandamus. Without discussing the statute and the cases cited by counsel, we think it sufficient to say that having seen that the interrogatories proposed to be answered by the non-resident witness are proper and material, that the matter is not discretional with the trial court, and that the petitioner here is entitled to a mandamus to compel the lower court to grant the commission. 8 R. C. L., Depositions, § 18. In this same

connection it is further said by the above mentioned authority.

"Assuming that an order of court denying an application for a commission is appealable, still the remedy by appeal is not exclusive, as it would be inadequate."

The order questioned by the present application was erroneous, and the writ as applied for will be granted.

TOLMAN, C. J., FULLERTON, BRIDGES, and HOLCOMB, JJ., concur.