BOARD OF COMMISSIONERS v. GORMAN.

1. A writ of error or appeal may operate as a supersedeas under the eleventh section of the act of June 1st, 1872, "to further the administration of justice" (and which allows any person desiring to have a judgment, decree, or order, &c., reviewed on error or appeal, and to stay proceedings during the pendency of such writ of error or appeal, to "give the

*security* required by law therefor within sixty days after the rendition of such judgment, decree, or order," &c.), when it is applied for and bond is filed within *sixty* days from the rendition of the judgment or decree.

2. But this does not prevent an execution from being issued after the lapse of ten days, as contemplated by the twenty-third section of the Judiciary Act of 1789.

3. The supersedeas under the act of 1872, by filing the bond within sixty days, stays *further proceedings*, but does not interfere with what *has already been done*.

Thus where one has been ousted from office by virtue of a writ on a judgment rendered on the 20th of January, and the writ was executed by ousting him on the 3d of February, and on the latter day a supersedeas bond was filed, but subsequently to the execution of the writ, *Held* that no relief could be had under the act of 1872.

4. In calculating the lapse of time, the date of the *entry* of judgment governs, and not the date when the judgment was read to and signed by the judges.

IN this case, which came here on error to the Supreme Court of the Territory of Idaho, the board of commissioners of Boise County and B. T. Davis, plaintiffs in error, asked that a writ might issue from this court commanding the restoration of the said Davis to the office of assessor and tax collector of Boise County for the reason, as was alleged, that he had been ousted from that office by virtue of a writ issued upon the judgment in the court below, after the allowance of a writ of error to this court, which operated as a supersedeas.

The application was founded on the supposed effect which the eleventh section of an act of June 1st, 1872, entitled "*An act to further the administration of justice,*" had upon certain provisions of the Judiciary Act.

This last-named act, it will be remembered, after enacting by its twenty-second section that final judgments in the Circuit Court may be examined and reversed or affirmed in the Supreme Court, the citation being in such case signed by a judge of the Circuit Court or justice of the Supreme Court, and the adverse party having at least thirty days' notice, . . . continues:

"And every justice or judge signing a citation on any writ of error as aforesaid, shall take good and sufficient security, that

the plaintiff in error shall prosecute his writ to effect, and answer all damages and costs if he fail to make his plea good."

. The next section proceeds:

"SECTION 23. A writ of error, as aforesaid, shall be a *supersedeas and stay of execution* in cases *only* where the writ of error is served by a copy thereof being lodged in the clerk's office, where the record remains, within *ten* days (Sundays exclusive) after rendering the judgment complained of, until the expiration of which term of ten days executions shall not issue in any case where a writ of error may be a supersedeas."*

The eleventh section of the act of 1872, above referred to as the basis of the application now made, thus enacts:

"Any party or person, desiring to have any judgment, decree, or order of any District or Circuit Court reviewed on writ of error or appeal, and to stay proceedings thereon during the pendency of such writ of error or appeal, may give the *security* required by law therefor *within sixty days after the rendition of such judgment*, decree, or order, or afterward, with the permission of a justice or judge of the said appellate court."

The reader who has possessed himself of the case of *Telegraph Company* v. *Eyser*, reported at much length in a former part of this volume,† will, of course, see that the case now reported presents a sort of complementary one to that, and disposes of one of the questions there mentioned, the third, as being involved in the new enactment.

*Mr. H. E. Prickett, in support of the motion; Messrs. H. S. Foote and G. W. Paschal, contra.*

The CHIEF JUSTICE delivered the opinion of the court, stating the facts of the case in it.

In order that a writ of error may operate as a supersedeas, it is necessary that a copy of the writ should be lodged for

---

* By an act of 1803, amendatory of the Judiciary Act, "appeals" were made subject to the same rules, regulations, and restrictions as were prescribed in cases of writs of error.

† See page 419.

the adverse party in the clerk's office where the record remains, and that the bond approved by the judge allowing the writ should also be filed there.* Execution cannot issue upon the judgment until the expiration of ten days, exclusive of Sundays, from the entry thereof. If the writ of error and bond are filed before the expiration of the ten days, no execution can issue so long as the case in error remains undisposed of. After the expiration of the ten days an execution may issue. Notwithstanding this, under the provisions of the act of 1872,† upon the filing of the bond within sixty days from the time of the entry of the judgment a supersedeas may be obtained. Such a supersedeas, however, stays proceedings only from the filing of the bond. It prevents further proceeding under an execution which has been issued, but does not interfere with what has already been done.

In this case the record shows that the judgment was actually entered on the 20th day of January. The entry as made was read in court on the morning of the 21st and the record signed by the judges, but it was ordered to be made on the 20th. The ten days, exclusive of Sundays, prescribed by the act of Congress for delay of execution, expired on Saturday, the 31st of January. On Monday, the 2d of February, a majority of the judges of the court directed the clerk to issue a writ of restitution to carry the judgment into effect. On the same day the chief justice of the court allowed a writ of error and signed the necessary citation. A copy of the writ of error was filed in the clerk's office, and the writ and citation actually served upon the defendant in error before the clerk had completed the preparation of the writ of restitution. After he had completed its preparation he handed it to the attorney for the defendant in error, who had previously been served with the citation. No supersedeas bond was filed with the clerk on the 2d, and no notice was given that any had been approved. On the morning of the 3d of February the writ of restitution was served and Davis removed from his office. After this, and on the

---

* O'Dowd *v.* Russell, 14 Wallace, 405.    † 17 Stat. at Large, 198, § 11.

same day, a bond approved by the chief justice was left in the clerk's office by him. It nowhere appears from the record when this bond was approved. It bears date the 2d of February, but there is no certificate of the time when the approval was entered. It is certain, however, that it was not filed in the clerk's office until after service of the writ of restitution. The writ of error operated as a supersedeas only from such filing. That was too late to prevent the removal of Davis from his office in pursuance of the authority of the judgment; and we cannot now order him to be restored.

It is claimed, however, that as the record of the judgment was not signed by the judges of the court until the 21st, the ten days did not commence to run until that date, and we are referred to the case of *Silsby* v. *Foote,*[*] as establishing such a rule. In that case the decision was actually rendered on the 28th August, but the decree was special in its terms, and was not settled or signed by the judge until the 11th December. Before any entry could be made it was necessary that the judge should pass upon its form. It was, therefore, quite right to delay the appeal until the exact character of the decree could be known.

Here, however, the form of the judgment was settled upon the announcement of the decision, and it was entered accordingly.

But the writ of restitution was not served until after the expiration of ten days from the 21st, and it does not appear that it was actually delivered to the sheriff for service before that time. There is nothing to prevent the preparation by the clerk of an execution before the expiration of the ten days. It cannot be issued before, and it is not issued until it is placed beyond the control of the clerk himself. So long as it remains with him, or under his control, it is like any other paper in his office.

We think the motion must be DENIED, and in accordance with the request of the parties made at the argument,

THE CASE IS DISMISSED.

* 20 Howard, 290.