COVINGTON STOCK-YARDS COMPANY *v.* KEITH.

ORIGINAL MOTION IN A CASE PENDING ON APPEAL FROM THE CIR-
CUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KEN-
TUCKY.

Submitted April 4, 1887. — Decided April 11, 1887.

The provision in Rev. Stat. § 1007, that if a plaintiff in error "desires to
stay process he may, having served his writ of error as" directed in the
Revised Statutes, "give the security required by law within sixty days
after the rendition of judgment, or afterwards with the permission of a
justice or judge of the appellate court," applies to an appeal from a final
decree against an intervenor in a suit in equity when a partial super-
sedeas is granted below, and furnishes a reason why a motion on his
behalf for a full supersedeas should be denied here.

THE trustees in a mortgage of the Kentucky Central Rail-
road filed their bill in the Circuit Court of the United States
for Kentucky to foreclose the mortgage, and the court ap-
pointed a receiver. The defendants in error intervened, set-
ting forth that they were engaged in the business of buying
and selling live stock, and that they were the proprietors of stock
yards near said railroad, and adjoining the stock yards of the
Covington Stock-Yards Company, the plaintiff in error; that be-
fore the commencement of the suit the railroad company and
the plaintiff in error entered into a contract for the loading
and unloading by the latter of all stock transported by the rail-
road company; that they agreed with the receiver that they
would construct a platform suited to receive the stock for
their own yard, and the receiver agreed to deliver it at the plat-
form; that the stock company thereupon obtained from a
state court of Kentucky an injunction against them to prevent
them from erecting the platform, but that the suit in which it
was granted had been discontinued; that the receiver never-
theless continued to deliver stock for them through the yards
of the stock company, and that they were unable to get posses-
sion of it without payment of lotage to the company. The
petition closed with a prayer for a rule on the receiver to
show cause why he should not deliver to the petitioners their

stock outside of the yards of the stock company, free from charge, other than the customary charges for transportation.

The receiver having answered, the court granted in substance the prayer of the petitioners, but further granted leave to the stock-yard company to file an intervening petition to litigate the rights of the company, making the company and the defendants in error parties. This the company did, fixing their damages at $10,000. After hearing, the court among other things "ordered and decreed that the said railroad company and said receiver shall hereafter receive and deliver from and to the said Keith & Wilson at and through the said Covington Stock Yards all such live stock as may be brought to them or offered by them for shipment over said road and its connections, upon the consent of said stock yards, in writing, that it may be so done, being filed in this court and cause on or before the 1st day of January next after the entry of this decree, free of any charge for passing through said yards to and from the cars of said railroad company. In default of such consent being so filed, it is ordered and decreed that upon said Keith & Wilson putting the platform and chute erected by them on the land of said Keith adjacent to the live-stock switch of said railroad company north of said stock yards, the said railroad company and said receiver shall receive and deliver all such live stock to said Keith & Wilson as shall be consigned to them or either of them, or be offered by them or either of them for shipment at said platform."

This decree was entered December 22, 1886. The stock-yard company at once appealed, and on the 25th of January, 1887, filed their appeal bond in the sum of $2500, whereupon on the same day the court after decreeing that the stock-yard company should pay to Keith $1209.19, illegally exacted, further made the following order:

"It is ordered that the appeal bond heretofore tendered by the Covington Stock-Yards Company in the cause on its appeal from the decree on the interpleader between said Covington Stock-Yards Company and Charles W. Keith and Edward W. Wilson be, and the same is, accepted, approved, and filed, but the same is to operate only as a supersedeas to the extent of

the judgment rendered against said Covington Stock-Yards Company, and not further or otherwise, and particularly is not to operate as a supersedeas so far as concerns any order, decree, or judgment directed to the receiver herein affecting the receipt, delivery, or shipment to or by said Keith and Wilson of live stock on or over the line of said railroad and its connections."

To all of the foregoing order, except so much as accepted, approved, and filed said appeal bond, the said Covington Stock-Yards Company excepted.

The appeal being docketed here, the stock-yards company moved that the entire decree be superseded and stayed until the determination of the appeal.

*Mr. J. G. Carlisle* and *Mr. T. F. Hallam* for the motion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The qualified acceptance of the bond given on this appeal shows that the judge who took it considered the security only sufficient for a stay of the execution of that part of the decree appealed from, which was for the payment of money. Under these circumstances the appeal only operates as a supersedeas to that extent. As the appeal was taken within sixty days after the rendition of the decree, Mr. Justice Matthews, the justice of this court, assigned to the Sixth Circuit, has power, under § 1007 of the Revised Statutes, to grant, in his discretion, a further stay of execution, if application to him for that purpose is made. For this reason

*The present motion is denied.*