[No. 7564. Decided April 13, 1909.]

NORTH SHORE BOOM & DRIVING COMPANY, *Appellant*, v.
NICOMEN BOOM COMPANY, *Respondent*.[1]

LOGS AND LOGGING—BOOMS—UNLAWFUL MAINTENANCE—REPLEVIN—
TITLE OF PLAINTIFF. A boom company that acquires possession of
logs by the maintenance of a boom in violation of a decree of court
is a trespasser and wrongdoer and cannot maintain replevin on the
theory that defendant unlawfully opened plaintiff's boom; since in
replevin the plaintiff must succeed, if at all, upon the strength of
his own title.

APPEAL—DECISION—SUPERSEDEAS OF JUDGMENT OF SUPREME COURT
ON APPEAL THEREFROM—UNITED STATES STATUTES—REQUIREMENTS.
The judgment of the supreme court of this state is not superseded
by the order of supersedeas signed by the Chief Justice on allowing
a writ to the United States Supreme Court; since U. S. Rev. St.
§ 1007, further requires that service of the writ of error be made on
the adverse party, and that the required bond be filed.

Appeal from a judgment of the superior court for Pacific
county, Rice, J., entered February 18, 1908, upon findings
in favor of the defendant, after a trial before the court with-
out a jury, in an action of replevin. Affirmed.

*Chas. E. Miller* and *W. H. Abel*, for appellant.

*W. W. Cotton, Welsh & Welsh,* and *James G. Wilson,* for
respondent.

DUNBAR, J.—This is an action in replevin, brought by the
appellant against the respondent to recover possession of one
hundred and eighty sawlogs, or about 360,000 feet. The
complaint alleged, in brief, that on the 18th day of January,
1906, the plaintiff was in lawful possession of the property
described as above; that the defendant on that day wrong-
fully and unlawfully and by force and violence took said
property from the possession of plaintiff; that demand was
made by the plaintiff; that the defendant unlawfully with-
holds; and judgment is demanded for the possession of the

[1]Reported in 101 Pac. 48.

said sawlogs, or $1,500, their alleged value.   The affidavit
sets up the fact that the plaintiff was the owner of and main-
tained a certain boom in North river, in the county of Pa-
cific, for the purpose of catching, sorting, rafting, and boom-
ing logs, etc. ; that these logs described in the complaint were
consigned to it for booming purposes, etc.

The answer is an extremely long one, denying certain para-
graphs of the complaint, but admitting that defendant was in
possession of the logs described; for an affirmative defense
alleging that the defendant was a corporation, duly organ-
ized, and entitled under the law to catch, boom, sort, and raft
logs, timber, etc., and setting forth a description of the land
occupied by the boom which it had constructed and was en-
titled to operate; alleging that on the 4th day of September,
1903, the plaintiff unlawfully conmenced the construction of
a boom on the lands and waters which the defendant was en-
titled to occupy; that the defendant commenced an action in
the superior court against the plaintiff to restrain it from
erecting, maintaining, or operating the boom, etc. ; that judg-
ment was rendered in the superior court against the plaintiff
in that case, the defendant in this; that, upon appeal to the
supreme court, the judgment was reversed, and the cause
remanded to the superior court with instructions to enter a
judgment in accordance with the opinion handed down by the
supreme court; that said judgment, in short, was to the effect
that the land in controversy was properly used and main-
tained by the Nicomen Boom Company, the defendant in this
action; and adjudged and decreed that the boom of the Ni-
comen Boom Company and that of the North Shore Boom
& Driving Company could not exist together; that the North
Shore Boom & Driving Company was unwarrantably inter-
fering with the Nicomen Boom Company's location; and that
in its booming operation the said North Shore Boom & Driv-
ing Company must be restricted to territory outside of the
territory of the Nicomen Boom Company; that thereafter the
judgment and decree and remittitur of the supreme court of

the state of Washington was sent down to the office of the clerk of the superior court of the state of Washington, and duly filed, and judgment was entered in accordance with the judgment rendered by the supreme court; that it was decreed that the North Shore Boom & Driving Company had no right whatsoever to erect, maintain, keep, or operate any boom on the Nicomen Boom Company's said location described in the judgment, and that it was forever enjoined, restrained, and prohibited from driving any timber of any kind upon the location which was occupied by the Nicomen Boom Company, for the purpose of booming or driving logs; that it was further adjudged that the North Shore Boom & Driving Company had no right to maintain or to operate that certain boom structure heretofore constructed by it on the aforesaid location of the Nicomen Boom Company; that it was further adjudged that the North Shore Boom & Driving Company be, and it was thereby, ordered, required, and directed to immediately open said boom and to immediately begin to take up and remove certain piling, timbers, boom, and other structures, and all other structures which it had theretofore erected and constructed on the Nicomen Boom Company's location in North river in Pacific county, Washington. The answer set up that, notwithstanding such judgment, the plaintiff had continued to boom logs, to the annoyance and detriment of the defendant; avers that on or about the 18th of January, 1906, defendant requested the plaintiff to open its said boom and permit the logs of plaintiff, and all other persons, which were in said boom to pass through, and that the plaintiff refused so to do; that thereupon the defendant did open said boom, and thereupon the logs which are described in the complaint came down into the boom of the defendant; that the defendant caught and held the said sawlogs and offered to assort, boom, and raft said sawlogs on the payment by the plaintiff of the lawful boomage charges, to wit, sixty cents per thousand feet, but that plaintiff refused to pay the defendant any boomage charges, and denied the

right of defendant to catch in its boom, logs, etc.; alleging the number of logs in feet of timber in said booms. Judgment was demanded for the sum of $216, the boomage price of the logs, and also an additional sum of $500.

A reply put in issue many of the affirmative allegations of the complaint, and supplemental answer was filed which it is not necessary to review here. Exception was taken to the findings of fact by the court and certain findings are alleged as error here, but we are satisfied that the findings of the court were justified by the testimony in the case. Upon the trial of the cause, a judgment was entered in favor of the defendant for the sum of $216 as prayed for. Appeal followed.

It is first contended by the appellant that a mere trespasser and wrongdoer can acquire no special property in an article the possession of which he has acquired by force and violence, by afterwards performing some service thereon, especially where such service is not only unnecessary, but rendered against the express protest of the owner; that at the time the logs in question were received by the respondent, they were in actual possession of the appellant, and it was not necessary to perform any work upon them. While, no doubt, this proposition of appellant in the abstract is true, yet the plaintiff in a replevin case must prove his right to the possession of the property demanded. It is not sufficient to show that the defendant is not entitled to the possession. The pertinent question is, whether the proof sustains the plaintiff's claim of right to possession; and, under the prior judgment of this court, the plaintiff in this action was the trespasser and wrongdoer. This court had, in the case of *Nicomen Boom Co. v. North Shore Boom & Driving Co.*, 40 Wash. 315, 82 Pac. 412, decided and decreed that the North Shore Boom & Driving Company, the appellant in this case, had no right to boom logs at the location at which it was operating its boom, which is the same location at which the logs in the present case were boomed. The plain mandate, entered by the

superior court in response to the judgment of this court, was for the North Shore Boom & Driving Company to immediately open its boom so that logs could pass through, and to forthwith commence to take up its boom structure. That being the case, and that judgment being *res adjudicata* between the parties to this action, the appellant was surely a trespasser and wrongdoer, and therefore had no right to the possession of the logs that floated out of its boom, whether through its action or the action of the respondent.

That the plaintiff in a replevin action must succeed on the strength of his own right to possession was decided by this court in *Harvey v. Ivory*, 35 Wash. 397, 77 Pac. 725, where the court, in discussing the question, said:

"But his right to possession is not thus absolute; it is conditional only, dependent on his ability to make good his title and right of possession, when these rights are called in question by the defendant. If he fails to make good his title or right of possession, the right of the defendant to have the property returned to him, or to have its value in case it cannot be returned, follows as a matter of course."

Applying this rule to the case in point, it becomes immaterial to the decision of the case whether the respondent had any lease or title to the property whatever. The North Shore Boom & Driving Company had none, and could have had no right to the possession of the logs, because the very maintenance of such possession was in violation of the decree of this court.

About the only other question that needs discussion is the contention of the appellant that the judgment of the court, in the case of *Nicomen Boom Co. v. North Shore Boom & Driving Co.*, was suspended by reason of an appeal having been taken from the judgment in that case to the supreme court of the United States. The lower court held that on the 18th, 19th, and 20th of January, 1906, said judgment was in full force and effect, and no appeal or writ or error had, up to that time, been taken from such judgment; and

we think that this finding was correct as shown by the records in the case of the *Nicomen Boom Co. v. North Shore Boom & Driving Co., supra.* Without entering into a discussion of whether the writ which was sued out was a writ on appeal or review, the writ was applied for and allowed by the chief justice of the supreme court of this state on the 17th day of January, 1906; but this writ was not served for six days after, and was not filed with the clerk of the supreme court of Washington until the 19th of January, 1906, which was subsequent to the time when the logs were removed. The order of the justice of the supreme court superseding a judgment is not all that is required by the law. That is one of the requirements, but it has been held by the supreme court of the United States, in *Sage v. Central R. Co.*, 93 U. S. 412, 23 L. Ed. 933, that a supersedeas, being a statutory writ, is only obtained by strict compliance with all the required conditions, none of which can be dispensed with; and the United States statutes (U. S. Rev. Stats., § 1007) provides:

"In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendition of the judgment complained of, and giving the security required by law on the issuing of the citation. But if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward with the permission of a justice or judge of the appellate court."

It appears from the record in this case that the service was not made, and that the only thing done was to present an application and secure the allowance of an appeal, and the approval of the chief justice of this court to an appeal bond. As well suggested by counsel for the respondent, counsel for the appellant might have kept this bond after its approval

in their possession any length of time. They did keep it until the 19th day of January, when it was filed, and it was certainly not effective until the bond was given within the contemplation of the statute. The judgment, therefore, was not superseded until all the steps of the statute had been complied with and the bond filed with the proper officer. It not having been filed with the proper officer, nor a copy lodged for the adverse party, there was no suspension whatever of the judgment. See, *Com'rs of Boise Co. v. Gorman*, 19 Wall. 661, 22 L. Ed. 226; *Foster v. Kansas*, 112 U. S. 201, 5 Sup. Ct. 8, 97, 28 L. Ed. 629. This question is governed by the United States statutes, and the decisions of the United States courts are binding. This case being so intimately interwoven with the case of the *Nicomen Boom Co. v. North Shore Boom & Driving Co.*, which has so often been under consideration by this court, we feel, in view of the findings of the court, which we have found to be correct, that a further discussion of the questions raised in this case is uncalled for, and that the other points raised by the appellant are without merit.

The judgment will therefore be affirmed.

CROW, MOUNT, CHADWICK, FULLERTON, and GOSE, JJ., concur.

PARKER and MORRIS, JJ., took no part.