MARTÍNEZ, PETITIONER, *v.* CROSAS, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Aguadilla.

No. 228.—Decided February 28, 1919.

ADMINISTRATION—ADVERSARY ACTION—EX PARTE PROCEEDING—APPEAL—PROCEDURE.—When opposition is made to a petition for the appointment of an administrator the suit becomes an adversary one and an appeal in such a case should be governed by sections 297 and 298 of the Code of Civil Procedure. See *Martínez* v. *Martínez*, 26 P. R. R. 142.

ID.—ID.—ID.—ID.—JURISDICTION—STAY OF EXECUTION.—An appeal to this court

from a judgment of a district court in an *ex parte* proceeding which by reason of the opposition of a lawful party has become an adversary action, when, as here, an administrator is appointed and the opposition thereto is overruled, deprives the district court of jurisdiction to take further action in the case until the appeal is disposed of by this court, execution of the judgment appealed from being stayed meanwhile.

ID.—APPEAL—SECURITY BOND—SUPERSEDEAS.—In an appeal to the Circuit Court of Appeals from a judgment of this court the appellant must give bond, and in order that the bond may operate as a supersedeas it must respond for damages as well as costs.

ID.—ID.—ID.—CERTIORARI.—When the bond given by an administrator is objected to for the first time in a supplementary brief filed three days before the hearing of the case in this court in a certiorari proceeding, without any mention of the said bond or its alleged defects in the petition, without any showing that the affidavit of justification of the sureties did not comply substantially with the statutory requirements and without any showing of prejudice, the objection comes too late and does not demand serious consideration in a certiorari proceeding.

ID.—ID.—ID.—ID.—Matters to be reviewed by certiorari must have been mentioned in the petition, objected to in the lower court and not susceptible of effective review on appeal.

The facts are stated in the opinion.

Messrs. *Víctor P. Martínez* and *Feliú & Alemañy* for the petitioner.

Mr. *Juan B. Soto* for the respondent.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The petition for certiorari herein states that in the District Court of Aguadilla, in the matter of the judicial administration of the estate of Víctor Martínez y Martínez, deceased, an administrator was named on May 7, 1917; that on appeal by petitioner herein, who had contested the said proceedings, this court, on February 19, 1918, affirmed the decree of the district court; that an appeal was taken from the judgment of this court and is now pending before the Circuit Court of Appeals at Boston; that petitioner moved in this court that the appeal perfected from the decree of May 7, 1917, be held to operate as a supersedeas, and that this court so ruled in its said judgment of February 19, 1918; that the district court, on May 10, 1918, removed the said administrator, giving him thirty days within which to render his accounts; that notwithstanding all this the district court con-

tinued to act in the said proceedings and to carry into effect
the decree so appealed from, entering, among other orders.
the following:

On May 20, 1918, an order directing the payment of $132
by the administrator to a notary for the inventory executed
before him on September 16, 1917, and a copy thereof, of
which order the administrator received notice the same day,
but petitioner received no notice either of the said order or
of the application therefor.

On May 10, 1918, an order directing the payment of $2,500
by the administrator to certain attorneys for alleged profes-
sional services and expenses incurred in the defense of the
judge (sic) and of the minors and in connection with the ap-
peal pending in the Circuit Court, without notice to petitioner
of the said order or of the application therefor.

On February 5, 1918, at the instance of the administrator,
two orders notifying different mortgagors to pay over to the
said administrator amounts owing to petitioner, with notice
to the said mortgagors but without notice to petitioner in
either instance of the said order or of the motion therefor.

That on May 8, 1918, petitioner was notified that a com-
missioner (contador partidor) had been named by the court,
and at the same time was cited for a partition to be made
on the twentieth of said month, without previous notice or
knowledge by petitioner of the appointment of the said parti-
tioner, or of his qualification as such, a motion by petitioner
for a reconsideration of this order having been denied on
May 20, 1918.

That on motion of the administrator for an order to peti-
tioner and his mayordomo to appear and show cause why
they should not be punished for contempt because of alleged
acts committed out of court, without specification of the place
where they occurred, the court below set the hearing for
November 2, 1917, and by its judgment of May 21, 1918, im-
posed upon petitioner a fine of $200 and sentenced both peti-

tioner and his *mayordomo* to thirty days in jail, of which judgment no copy was given petitioner notwithstanding his demand made in this regard.

That the administrator, in a motion dated May 8, 1918, stated and affirmed that the moneys received in the said administration up to May 5, 1918, amounted to $7,519.78.

The petition assigns as error the following "infringements":

A. Of sections 297 and 298 of the Code of Civil Procedure in connection with the doctrine laid down by this court in its judgment of February 19, 1918;

B. Of sections 354 to 356 of the Civil Code in connection with section 1186 thereof and with articles 24, 25 and 26 of the Mortgage Law;

C. Of section 135 of the Code of Civil Procedure and Rule 4 of the district court;

D. Of the Law of Special Proceedings of March 9, 1905, in connection with section 1816 of the Code of Civil Procedure of 1885, and of the precedent established by this court in *Sabater* v. *Escudero,* 23 P. R. R. 794, and of the judgment of the Supreme Court of Spain rendered April 21, 1896;

E. Of section 67 of the Law of Special Proceedings as amended by the Act of May 8, 1906;

F. Of sections 1221 and 1224 of the Civil Code in connection with the Law of Special Proceedings, and section 1226 of the Civil Code;

G. Of section 355 of the Civil Code in connection with the Law of Special Proceedings of 1905.

The prayer is for annulment of the rulings of October 27, 1917, February 5 and May 20, 1918, and of the order appointing a partitioner, a mandate for the delivery to petitioner of the $7,519.78, and any other moneys that may have been collected as rents and profits from the property of petitioner, and for the like delivery to petitioner of all property belonging to him improperly seized and the exclusion

of which, together with its rents and profits, was prayed in Certiorari No. 227, for the reason that the administrator having been removed, the said properties have been abandoned and consist for the most part in plantations of coffee, cane and minor fruits under cultivation; and for costs, expenses, disbursements and attorney fees.

At the hearing petitioner was represented by a brother attorney who filed an "additional brief," subscribed by himself and petitioner, presenting in more or less plausible form the main features of the original brief and raising one or two new questions.

The supplementary brief of petitioner submits:

## I.

That an appeal to this court from a decision of a district court decreeing a judicial administration and dismissing the opposition to such administration deprives the district court of the power to act further in the matter until such appeal is disposed of by this court.

## II.

That the taking of an appeal from this court to the Circuit Court of Appeals and transmission of the record to that court transfers the jurisdiction to the latter.

## III.

That the bond of a judicial administrator, in which one of the sureties is an attorney for such administrator, and in which the sureties do not qualify according to law, is void, as are also the acts performed by the administrator under such security.

## IV.

The judgment finding petitioner guilty of contempt is wholly void.

## V.

### OTHER GROUNDS OF INVALIDITY.

1. The district court appears as ruling on substantial matters without a hearing, and thus without opportunity to the parties properly to present and submit the questions involved. This occurred: (*a*) with reference to the first bond furnished by the administrator; (*b*) with reference to the suspension of the proceedings; (*c*) with reference to the order directing the debtor Méndez to pay certain sums to the administrator; (*d*) with reference to the ruling on the suspensive bond and in regard to a reconsideration thereof; and (*e*) in other instances as to which, in the interest of brevity, only citation of the record is given by petitioner.

2. Attention is invited also to the payments authorized by the district court as chargeable to the administrative funds, especially as to attorney fees and the motion therefor.

The orders for payment are also challenged as invalid because authorized four days after entry of an order removing the administrator.

The naming of a commissioner (*contador partidor*) is likewise alleged to be void.

In *Martínez* v. *Crosas*, 25 P. R. R. 735, referring to the order of May 7, 1917, this court said:

"Without considering whether the said order is appealable or not, we are of the opinion that if appealable it would be only in one single aspect (its execution would not be stayed)."

Later, in *Martínez* v. *Martínez*, 26 P. R. R. 156, referring to the previous decision above mentioned, it was pointed out that—

"The certiorari was properly denied in that case, and even if it should be admitted that when an application for a judicial administrator is opposed the suit becomes an adversary one and an appeal in such case should be governed by the provisions of sections 297 and 298 of the Code of Civil Procedure, the denial of the certiorari

would always be sustained for the reasons given in the last paragraph of the opinion."

Although it was not necessary then to hold, and we did not hold in so many words, as contended by petitioner herein, that the appeal perfected from the decree of May 7, 1917, effected a stay of the proceeding, yet the language quoted did reopen the question for further consideration and was so intended and understood by this court at the time. Indeed, we were inclined to think at the time and further reflection has convinced us that the sounder view of the matter is that maintained by appellant in *Martínez* v. *Martínez*, *supra*, and petitioner herein.

The second proposition of petitioner, although true in a general way, can not be sustained in the sense contended for herein. On appeal from this court in a civil case the bond, in order to operate as a supersedeas, must provide for damages as well as costs. Foster's Fed. Prac., Volume 3, page 2482, sec. 703; 3 C. J. pp. 1273, 1294, 1296; 2 R. C. L. pp. 117, 122, 124; Taylor, Jurisdiction and Procedure of the U. S. Sup. Ct., 214; Ann. Cases, 1912 A, 259; *Covington Stock Yards* v. *Keith,* 121 U. S. 248.

The only acts of the administrator claimed to have been vitiated by the alleged defects in the bond are the taking possession of his office (*toma de posesión*), on May 29 and June 4, and the filing of a report and expense account. That the sureties in justifying did not substantially comply with the statutory requirements is by no means free from doubt. A new bond was substituted shortly thereafter and no prejudice is shown. The approval of the first bond by the district court is not complained of in the petition, nor is the bond mentioned therein. In the circumstances, the suggestion made for the first time in a supplementary brief filed three days before the hearing comes too late and does not demand serious consideration.

The order directing the issuance of a writ to the mar-

shal commanding him to put the administrator in possession of certain real state, the execution of which was resisted by the petitioner, was entered on September 29, 1917, as the result of a motion filed the day before. The order to show cause why petitioner should not be punished for contempt is dated October 27, 1917, and was served two days later. The hearing was had on November 2, 1917.

Thus not only the whole proceeding for contempt, save only the judgment pronounced on May 21, 1918, but even the preceding incidents leading to such result took place while the appeal from the decree appointing an administrator was pending in this court. As a corollary to the conclusion already reached with reference to the effect of such appeal, it follows that the court below had no power to act. 13 C. J. 54. It is fair to add also that the whole proceeding was had after our decision of July 28, 1917, in *Martínez* v. *Crosas, supra,* and that the district court, no doubt, relied on the opinion in that case.

The question of the validity of the contempt proceeding is what prompted the issuance of the writ herein, and we need not discuss in detail every technical point that the ingenuity of petitioner or of counsel can suggest. As to matters not above disposed of, some were not mentioned at all in the petition, others were not objected to below, or else no substantial injury is shown, and most if not all of them, were open to review on appeal.

The judgment of May 21, 1918, and the orders of October 27, 1917, and of February 5, 1918, must be

*Reversed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Aldrey dissented.