SUCCESSION OF QUIÑONES, PLAINTIFF AND APPELLANT, v. ANA
MARÍA SUGAR COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action
for Restitution.

No. 1944.—Decided June 28, 1919.

APPEAL—MANDATE—JURISDICTION.—In accordance with Rule 32 of the United
States Circuit Courts of Appeals and with jurisprudence, the purpose of
a mandate is to inform the court below of the decision and instructions
of the appellate court, and when the mandate is filed in the lower court
it becomes again vested with jurisdiction.

ID.—ID.—JUDGMENT—EXECUTION—SUPERSEDEAS—RECALL—DEPOSIT.—The execution of the judgment by virtue of the mandate of the Circuit Court of Appeals has the effect of canceling the supersedeas bond not only as to the
principal but also as to the sureties, and if after execution the mandate is
recalled by the Circuit Court which originally issued it, such recall does
not have the effect of a new supersedeas, nor can it revive the supersedeas
already annulled by execution of the judgment. In accordance therefore
with the foregoing, it was erroneous for the court of Mayagüez to order
that by virtue of the recall of the mandate issued by the Circuit Court,
which was received after the judgment had been executed, the plaintiff-
appellant deposit the amount of the judgment already satisfied.

The facts are stated in the opinion.
Mr. *Francisco Soto Gras* for the appellant.

*Messrs. Feliu* and *Alemañy* for the appellee.

Mr. Chief Justice Hernández delivered the opinion of the court.

In the above-entitled case the Succession of Tomás Quiñones appealed from an order of the District Court of Mayagüez of November 19, 1918. The order recites all of the facts involved in the appeal and reads as follows:

"Order.—On August 22, 1918, a mandate of the United States Circuit Court in case No. 1388, as above entitled, dated August 7, 1918, was filed in this court. The mandate announced the dismissal of the appeal taken by the defendant from the judgment entered in the case by the Supreme Court of Porto Rico against the said defendant for the sum of $6,173.24, with legal interest and the costs, and on August 23, 1918, this court ordered that execution be issued. On September 10, 1918, the plaintiff obtained from the clerk a writ of execution directed to the marshal of this court and on September 12, 1918, the marshal collected from the defendant the sum of seven thousand, six hundred sixty-three dollars and sixty-six cents ($7,663.66) in satisfaction of the writ of execution. On September 21, 1918, a copy of an order of the Supreme Court of Porto Rico was filed, accompanied by a mandate of the said Circuit Court of Appeals dated September 12, 1918, ordering the recall of its first mandate of August 7, 1918, until otherwise ordered by the said court of appeals. On September 21, 1918, the defendant filed a motion for the refund of the sum paid, for the reason that when the judgment was collected by the marshal of this court he had no authority to execute the writ, inasmuch as on the date of the writ of execution the first mandate of the said Circuit Court under which the said writ of execution was issued had been recalled.

"On October 3, 1918, the defendant's motion was heard, Messrs. Feliu & Alemañy appearing for the defendant and the plaintiff appearing only by a brief in opposition to the motion. The court reserved its decision and now on this 19th day of November, 1918, the court sustains the defendant's motion and orders that the heirs of the plaintiff deposit in this court within five days from the date of notice of this order the sum of $7,663.66 collected in execution of the judgment. The clerk will issue process to the marshal for the notification of this order to the interested parties."

The appellant alleges that the order appealed from is

erroneous "because after the judgment of the Circuit Court has been communicated by mandate to the Supreme Court and to the district court, execution of the judgment is no longer stayed and the mere recall of the mandate does not of itself operate as a stay of execution."

The order of the Circuit Court of Boston of September 12, 1918, reads as follows:

"It is ordered that the mandate issued herein August 7, 1918, to the Supreme Court of Porto Rico be, and the same hereby is recalled until otherwise ordered."

The scope of the order transcribed can be no other than that expressed by its wording, that is, the recall of the mandate issued on August 7, 1918, until otherwise ordered. The order only called for the return of the mandate as matters then stood; but after the mandate had been complied with and by virtue thereof the judgment of the Court of Boston had been executed, did its recall affect the payment already made by the defendant? Our answer is in the negative.

In the certiorari case of *Martínez* v. *Crosas, ante,* p. 87, wherein the petitioner maintained that the taking of an appeal from this court to the Circuit Court of Appeals and transmission of the record to that court transfers the jurisdiction to the latter, we said that "although true in a general way, (that proposition) can not be sustained in the sense contended for herein. On appeal from this court in a civil case the bond, in order to operate as a supersedeas, must provide for damages as well as costs. Foster's Fed. Prac., Vol. 3, p. 2482, sec. 703; 3 C. J. pp. 1273, 1294, 1296; 2 R. C. L. pp. 117, 122, 124; Taylor, Jurisdiction and Procedure of the U. S. Sup. Ct. 214; Ann. Cases, 1912 A, 259; *Covington Stock Yards* v. *Keith,* 121 U. S. 248." Such a bond operates as a supersedeas or stay of judgment.

In this case the judgment of the Circuit Court of Boston was executed by virtue of the mandate from the said circuit court to this court, which in turn communicated it for execu-

tion to the District Court of Mayagüez, and the district court proceeded to collect the sum adjudged to be paid by the Ana María Sugar Company when it had yet no knowledge of the recall by the Circuit Court, or the revocation of the mandate; therefore it acted with full jurisdiction, for the purpose of a mandate is to inform the court below of the decision and instructions of the appellate court, and when the mandate is filed in the lower court it becomes again vested with jurisdiction. 4 C. J. 1208, sec. 3255. Rule 32 Circuit Courts.

The judgment having been executed and payment having been made of the sum due by the Ana María Sugar Company, that corporation as well as the sureties were relieved of any liability contracted under the bond given to guarantee such payment, for the lawful satisfaction of the judgment has the effect of canceling the supersedeas bond not only as to the principal but also as to the sureties. 4 C. J. 1281, sec. 3375.

By virtue of the recall of the mandate the Circuit Court of Boston became again vested with jurisdiction of the case, which it had lost by issuing the mandate (4 C. J. 1244, sec. 3309), but that recall did not operate as a new supersedeas, nor could it revive the supersedeas which had become ineffective by the execution of the judgment and the payment of the debt.

That rule was violated by the District Court of Mayagüez in making the order appealed from requiring the heirs of the plaintiff to deposit within five days the amount collected in execution of the judgment, for that would be to recognize in the defendant, the Ana María Sugar Company, a privilege which the law does not give it, that is, that the Circuit Court of Boston could take further jurisdiction of the appeal without a bond for damages, consequently staying the execution of the judgment, which stay can only be obtained by means of a supersedeas bond, and giving the recall the effect of a supersedeas which, as we have said, it cannot have.

In our judgment the legal situation of the appellant, the Ana María Sugar Company, in this case after the satisfac-

tion of the judgment is similar to that of any judgment debtor who appeals from the judgment to the Circuit Court of Boston within the time fixed by law, but after the judg-ment has already been executed for failure to ask in time for a supersedeas by giving a sufficient bond to respond for damages and costs. Considering the circumstances of the case where there is now no supersedeas bond, the de-fendant, the Ana María Sugar Company, has no other re-course but to wait until the judgment is reversed in order to obtain a writ of restitution. A supersedeas stays the proceedings only from the time the bond is filed, and stays further proceedings for execution already ordered, but does. not affect what has already been done. *Boise County* v. *Gor-man,* 19 Wall. 661, 22 L. ed. 226. Taylor, Jur. & Proc. U. S.. Sup. Court, 217.

The order appealed from is

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.