Sucesión de Tomás Quiñones, Demandante y Apelante, *v.* Ana María Sugar Company, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre restitución.

No. 1944.—Resuelto en junio 28, 1919.

Mandato Expedido por la Corte de Circuito de Apelaciones—Jurisdicción.— De acuerdo con la regla 32 del reglamento de las Cortes de Circuito de Apelaciones de los Estados Unidos y con la jurisprudencia, el oficio del mandato (*mandate*) es comunicar la decisión e instrucciones de la Corte de Apelación a la corte inferior y una vez radicado en dicha corte inferior vuelve ésta a investirse de jurisdicción.

Sentencia—Fianza en Apelación (Supersedeas Bond)—Devolución del Mandato (Recall)—Restitución de lo Recibido en Pago de Sentencia.—El cumplimiento de la sentencia verificado en virtud del mandato de la Corte de Circuito de Apelaciones surte el efecto de cancelar la fianza (*supersedeas bond*) tanto en cuanto al deudor principal como a los fiadores; y si después de cumplida la sentencia el mandato es reclamado (*recalled*) por la corte de circuito que lo expidió originalmente, tal *recall* no surte el efecto de un nuevo *supersedeas* ni puede darle vida al *supersedeas* que ya había quedado sin ella por el cumplimiento de la sentencia. De acuerdo, pues, con la anterior doctrina, es errónea la resolución de la Corte de Mayagüez que a virtud del *recall* del mandato expedido por la corte de circuito, pero recibido, cuando estaba cumplida la sentencia a virtud de orden de ejecución, ordena que los demandantes apelantes depositen el importe de la sentencia ya satisfecha.

Los hechos están expresados en la opinión.

Abogado de la demandante-apelante: *Sr. Francisco Soto Gras.*

Abogados de la demandada y apelada: *Sres. Feliú & Alemañy.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

La orden apelada por la Sucesión de Tomás Quiñones en el caso arriba expresado, que dictó la Corte de Distrito de Mayagüez en 19 de noviembre de 1918, contiene todos los hechos concernientes al recurso y dice así:

"Orden.—Con fecha 22 de agosto de 1918 se radicó en este caso un mandato de la Corte de Circuito de los Estados Unidos en el caso No. 1388, del título arriba indicado, de fecha 7 de agosto de 1918, desestimando el recurso de apelación interpuesto por la demandada,

de la sentencia dictada en este caso por el Tribunal Supremo de Puerto Rico condenando a dicha demandada a pagar la suma de $6,173.24, intereses legales y costas; habiéndose ordenado la ejecución de dicha sentencia por esta corte con fecha 23 del propio mes y año.   En 10 de septiembre el demandante solicitó y obtuvo del secretario la expedición de un mandamiento de ejecución dirigido al marshal de esta corte, en cuyo cumplimiento con fecha 12 de septiembre de 1918 recobró de la demandada la suma de siete mil seiscientos sesenta y tres dollars, sesenta y seis centavos ($7,663.66), importe de la ejecución.   En 21 de septiembre del propio año se radicó copia de una resolución de la Corte Suprema de Puerto Rico, acompañando un mandato de la citada Corte de Circuito de Apelaciones de fecha 12 de septiembre de 1918 ordenando la devolución de su primer mandato de 7 de agosto de 1918 hasta que otra cosa se ordenara por dicho Tribunal de Apelaciones.   En 21 de septiembre la demandada radicó una moción solicitando el reintegro de la suma satisfecha, porque cuando se hizo efectiva la sentencia por el márshal de esta corte no tenía poder ni facultad para diligenciar el mandamiento de ejecución, toda vez que con la misma fecha de dicha ejecución se había dejado sin efecto el primer mandato de la expresada Corte de Circuito en cuya virtud se había efectuado la susodicha ejecución.

"En 3 de octubre de 1918, se celebró la vista de la moción de la demandada con asistencia de los abogados de la demandada Sres. Feliú & Alemañy sin que comparecieran los del demandante, quienes se opusieron por medio de *brief,* reservándose la corte su resolución hasta hoy 19 de noviembre de 1918, en que declara con lugar la moción de la demandada y decreta y ordena que se proceda por los herederos del demandante, a depositar en esta corte, dentro del término de cinco días, contados desde la fecha de la notificación de esta orden, la suma de $7,663.66 importe cobrado de la ejecución de la sentencia.   Líbrese por el secretario mandamiento al márshal para la notificación de esta orden a los interesados.''

Alega la parte apelante que la orden apelada es errónea entre otros motivos ''porque una vez dictada sentencia por la Corte de Circuito y comunicada por el mandato a esta Corte Suprema y a la inferior de distrito, la suspensión de la ejecución de la sentencia deja de tener eficiencia, y la simple retirada y devolución del mandato no opera de por sí la suspensión de la ejecución.''

La orden de la Corte de Circuito de Boston librada en 12 de septiembre de 1918 reza como sigue:

"*It is ordered that the mandate issued herein, August 7, 1918, to the Supreme Court of Porto Rico be, and the same hereby is, recalled until otherwise ordered.*"

El alcance de la orden transcrita no puede ser otro que el que su texto expresa, a saber, la devolución a su origen del mandato expedido en 7 de agosto de 1918 hasta que otra cosa se disponga. En virtud de ella sólo procedía la devolución del mandato en el estado que tuviera; pero habiéndose cumplimentado dicho mandato y ejecutado en virtud del mismo la sentencia pronunciada por la Corte de Boston, ¿procedía dejar sin efecto el pago ya hecho por la parte demandada? Nuestra contestación es negativa.

Al resolver en 28 de febrero de 1919 recurso de *certiorari* de *Martínez* v. *Crosas,* en que se sostenía por el peticionario que al interponerse recurso de apelación de esta corte para ante la Corte de Circuito de Apelaciones y remitirse los autos a dicha corte se transfería la jurisdicción a la última, dijimos que "aunque tal proposición es cierta por lo general, no podía sostenerse en el sentido que se pretendía por el peticionario, o sea, en el de proceder la suspensión de la sentencia, pues en apelación contra sentencia de esta corte, la fianza, para que pueda surtir efectos de *supersedeas* deberá proveer para responder tanto de los daños y perjuicios como de las costas. Foster's Fed. Prac. 3, p. 2482, sec. 703; 3 C. J. 1273, 1294, 1296; 2 R. C. L. 117, 122, 124; Taylor, Jurisdiction & Procedure of the U. S. Sup. Ct., 214; Ann. Cases, 192 A 259; *Covington Stock Yards* v. *Keith,* 121 U. S. 248. La fianza así prestada y aprobada surte los efectos de *supersedeas* o de suspensión de la sentencia.

En el presente caso la sentencia de la Corte de Circuito de Boston fué ejecutada en virtud de mandato comunicado por dicha corte de circuito a esta Corte Suprema, la que a su vez lo comunicó para su cumplimiento a la Corte de

Distrito de Mayagüez, cuya corte actuó procediendo al cobro de la cantidad a cuyo pago había sido condenada la Ana María Sugar Company cuando aun no tenía noticia alguna del *recall* de la Corte de Circuito, o sea de la revocación del mandato, obrando, por tanto, con plenitud de jurisdicción, pues el oficio del mandato es comunicar la decisión e instrucciones de la corte de apelación, a la corte inferior, y una vez radicado en dicha corte ésta vuelve a investirse de jurisdicción. 4 C. J. 1208, Sec. 3255.   Regla 32, Cortes de Circuito.

Ejecutada la sentencia y verificado el pago de la cantidad adeudada por la Ana María Sugar Company, tanto esa corporación como los fiadores quedaron relevados de la responsabilidad contraída bajo la fianza que garantizaba dicho pago, pues la satisfacción legal de la sentencia tiene el efecto de cancelar la fianza tanto en cuanto al deudor principal como respecto de los fiadores.   4 C. J. 1281, sec. 3375.

A virtud del *recall,* revocación del mandato, la Corte de Circuito de Boston readquirió la jurisdicción que sobre el caso había perdido al expedir el mandato (4 C. J. 1244, sec. 3309), pero el *recall* no tuvo efecto de un nuevo *supersedeas* ni pudo darle vida al *supersedeas* que ya había quedado sin ella por la ejecución de la sentencia y pago de la deuda.

El anterior principio ha sido infringido por la Corte de Distrito de Mayagüez al dictar la orden recurrida en que ordena se proceda por los herederos del demandante a depositar dentro del término de cinco días el importe cobrado de la ejecución de la sentencia, pues así se reconoce a la demandada Ana María Sugar Company un privilegio que la ley no le otorga, o sea el de que la Corte de Circuito de Boston siga conociendo del recurso de apelación sin prestación de fianza por daños y perjuicios, quedando en suspenso la ejecución de la sentencia, suspensión que sólo procede mediante *supersedeas-bond,* y dando al *recall* el efecto de *supersedeas* que según hemos dicho no puede producir.

A nuestro juicio la situación legal creada en este caso para

la parte apelante, Ana María Sugar Company, después del pago de la sentencia, es análoga a la de una parte cualquiera que condenada al pago de una cantidad presenta recurso de apelación contra la sentencia para ante la Corte de Circuito de Boston dentro del término legal, pero cuando ya ha sido ejecutada la sentencia por no haber solicitado en tiempo debido *supersedeas* mediante prestación de fianza suficiente para responder de daños y perjuicios y costas. Dadas las circunstancias del caso en que ya no hay fianza de *supersedeas,* la demandada Ana María Sugar Company no tiene más remedio que esperar a que se revoque la sentencia a fin de obtener entonces un mandamiento de restitución. Un *supersedeas* suspende los procedimientos únicamente desde que se archiva la fianza, e impide ulteriores procedimientos con relación a una ejecución que ha sido ya ordenada, pero para nada influye contra lo que ya ha sido hecho. *Boise County* v. *Gorman,* 19 Wall. 661, 22 L. ed. 226. Taylor, Jur. & Prac. U. S. Sup. Court. 217.

Es de revocarse la orden apelada.

*Revocada la orden apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.