PESCAY ET AL., PETICIONARIOS, *v.* TEXIDOR, JUEZ DE DISTRITO, ET AL., DEMANDADOS.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de San Juan, Sección 1ª., en un pleito sobre rescisión de contrato y daños y perjuicios.

No. 217.—Resuelto en febrero 26, 1918.

CERTIORARI—APELACIÓN CONTRA ORDEN DEJANDO SIN EFECTO UNA REBELDÍA—SENTENCIA CONDENATORIA—EMBARGO SIN FIANZA.—De acuerdo con el artículo 297 del Código de Enjuiciamiento Civil, la apelación establecida contra una resolución que dejó sin efecto una sentencia la mantiene subsistente mientras se resuelve la apelación, y no puede por tanto declararse que carezca de

base el embargo que como consecuencia de la sentencia se decretó sin fianza, según la ley No. 27 de 1916.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Sres. Guerra y Guerra.*

Abogado de los demandados: *Sr. Enrique Rincón Plumez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Los peticionarios en este recurso de *certiorari* fueron condenados en rebeldía por la Corte de Distrito de San Juan, Sección 1ª., a la rescisión de cierto contrato y a pagar por daños y perjuicios la cantidad de tres mil quinientos pesos. Después de la sentencia pidió el demandante y la corte decretó, sin exigirle fianza, el embargo de bienes de los demandados para asegurar el pago de dicha cantidad.

Trabado el embargo los demandados pidieron de la corte que dejara sin efecto la rebeldía en que se hallaban y también la sentencia que había dictado sin oírlos.  Así lo acordó la corte sentenciadora, siendo apelada esta resolución por la parte demandante.  En tal estado el pleito los demandados solicitaron que se levantase el embargo por haber quedado sin efecto la sentencia que sirvió de base a la orden decretándolo sin fianza y aunque así fué acordado prontamente volvió el juez sobre su acuerdo y resolvió que el embargo quedase subsistente.  Esta resolución es la que motiva la queja de los peticionarios en este recurso.

Opinamos que el juez inferior no infringió con dicha resolución la ley de procedimientos referente a aseguramiento de sentencias.

La sección 3ª. de tal ley, según quedó enmendada por la No. 27 de 13 de abril de 1916 faculta a los jueces para decretar el embargo de bienes, sin necesidad de que el demandante preste fianza, cuando se solicita después de dictada sentencia condenatoria.  En este caso existía tal clase de sentencia cuando el embargo fué decretado sin fianza, y si bien es cierto que más tarde dicha sentencia quedó sin efecto por haberse concedido a los demandados el beneficio de ser oídos en el

juicio, cancelándoles la rebeldía en que habían incurrido, como tal orden fué apelada por la parte demandante quedaron en suspenso sus efectos de acuerdo con el artículo 297 del Código de Enjuiciamiento Civil según el cual la interposición de una apelación suspende todo procedimiento respecto de la sentencia y orden apelada y por consiguiente es insostenible la argumentación de los peticionarios de que la orden dejando sin efecto su rebeldía y la sentencia que fué dictada, sustituyó desde luego la anterior sentencia y que por tanto no existe por ahora una sentencia condenatoria que justifique un embargo sin fianza.

El auto librado debe ser anulado.

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf del Toro y Hutchison.