MARTÍNEZ, PETICIONARIO, *v* CROSAS, JUEZ DE DISTRITO, DEMANDADO.

PROCEDIMIENTO para que se expida un auto de *certiorari* contra el Hon. Andrés B. Crosas, Juez de la Corte de Distrito de Aguadilla, P. R.

No. 228.—Resuelto en febrero 28, 1919.

APELACIÓN—JURISDICCIÓN VOLUNTARIA—OPOSICIÓN—CONVERSIÓN DE UN CASO EX-PARTE EN PLEITO CONTENCIOSO.—Cuando se hace oposición a una solicitud pidiendo el nombramiento de un administrador judicial el caso viene a ser contencioso, y la apelación entonces debe regirse por los preceptos de los artículos 297 y 298 del Código de Enjuiciamiento Civil. Véase también *Martínez* v. *Martínez*, 26 D. P. R. 156, 157.

APELACIÓN—JURISDICCIÓN VOLUNTARIA—OPOSICIÓN—EFECTOS DE LA SENTENCIA APELADA.—La apelación para ante esta Corte Suprema de la sentencia que dicte una corte de distrito en un asunto de jurisdicción voluntaria, que por virtud de oposición de parte legítima se haya convertido en pleito de jurisdicción contenciosa, como cuando, como en el presente caso, se decreta la administración judicial y se desestima la oposición a dicha administración, priva a la corte de distrito de sus facultades para seguir actuando en el asunto hasta tanto se resuelva por esta corte la apelación establecida, quedando por tanto suspendidos los efectos de la sentencia apelada.

APELACIÓN PARA ANTE LA CORTE DE CIRCUITO—CUANDO SURTE EFECTOS DE SU-PERSEDEAS.—En apelación contra sentencia dictada por esta Corte Suprema para ante la corte de circuito, es preciso que el apelante preste una fianza; y esta fianza, para que pueda surtir efectos de *supersedeas*, deberá proveer para responder tanto de los daños y perjuicios como de las costas.

FIANZAS JUDICIALES—DEFECTOS NO IMPUGNADOS OPORTUNAMENTE—SU REVISIÓN POR CERTIORARI.—Cuando la fianza que se presta en un caso de administración judicial viene a impugnarse por primera vez en un alegato suplemen-

tario tres días antes de la vista del caso ante esta Corte Suprema dentro de un recurso de *certiorari,* sin que dicha fianza, ni sus supuestos defectos se hayan mencionado en la petición, y sin que aparezca claramente que en el *affidavit* de justificación de los fiadores se haya dejado de cumplir sustancialmente con los requisitos estatutorios, ni se demuestra perjuicio alguno, semejante impugnación llega demasiado tarde y no demanda seria consideración en procedimientos de revisión por *certiorari.*

CERTIORARI—MATERIAS REVISABLES—REQUISITOS QUE HAN DE REUNIR.—Para que puedan ser revisadas por *certiorari,* es preciso que las materias sugeridas para su revisión hayan sido mencionadas en la petición del *certiorari,* se hayan impugnado en la corte inferior y que no puedan ser eficazmente revisadas en apelación.

Los hechos están expresados en la opinión.

Abogados del peticionario: Sres. *Víctor P. Martínez* y *Feliú & Alemañy.*

Abogado del demandado: Sr. *Juan B. Soto.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En la petición interesando la expedición de un auto de *certiorari* presentada en este caso se alega que en la Corte de Distrito de Aguadilla en el caso sobre administración judicial de los bienes del finado Víctor Martínez y Martínez se nombró un administrador en mayo 7 de 1917; que en la apelación interpuesta por el peticionario en este caso, opositor en aquellos procedimientos, esta corte con fecha 19 de febrero de 1918 confirmó la resolución de la corte de distrito; que contra la sentencia dictada por esta corte se estableció recurso de apelación que está pendiente ante la Corte de Circuito de Apelaciones sita en Boston; que el peticionario presentó una moción en esta corte para que una vez perfeccionada la apelación contra la resolución de mayo 7 de 1917 se tuviesen por suspendidos los efectos de la sentencia, y que esta corte así lo resolvió en su citada sentencia de febrero 19 de 1918; que la corte de distrito en mayo 10 de 1918 separó de su cargo al administrador, concediéndole treinta días para liquidar y rendir sus cuentas; que a pesar de todo ésto la corte de distrito siguió tramitando los mencionados procedimientos y ejecu-

tando la referida resolución apelada, dictando entre otras resoluciones, las siguientes:

En mayo 20 de 1918, una orden disponiendo el pago de $132 por el administrador a un notario por el inventario otorgado ante él en septiembre 16 de 1917, y copia del mismo, resolución que le fué notificada el mismo día al administrador, pero el peticionario no fué notificado ni de dicha resolución, ni de la solicitud de la misma.

En mayo 10 de 1918, una orden disponiendo el pago de $2,500 por el administrador a ciertos abogados por supuestos servicios profesionales y desembolsos en defensa del juez (*sic*) y de los menores y en conexión con la apelación pendiente ante la Corte de Circuito, sin notificación al peticionario de dicha resolución ni de la solicitud de la misma.

En febrero 5 de 1918, a instancias del administrador, dos órdenes notificando a diferentes deudores hipotecarios para el pago a dicho administrador de créditos debidos al peticionario, notificando a dichos deudores hipotecarios pero sin notificar al peticionario en cada instancia la citada orden, ni la solicitud de la misma.

Que en mayo 8 de 1918, el peticionario fué notificado de que se había nombrado por la corte un contador-partidor, y que al mismo tiempo fué citado para una partición que había de llevarse a cabo el día veinte de dicho mes, sin previa notificación o conocimiento por el peticionario del nombramiento de dicho contador-partidor, ni de sus aptitudes y condiciones para el cargo, habiéndose desestimado en mayo 20 de 1918 una moción de reconsideración presentada por el peticionario.

Que la moción del administrador para que se ordenase al peticionario y a su mayordomo a comparecer a mostrar causa por qué no debieran ser castigados por desacato por razón de los supuestos actos cometidos fuera de la corte, sin especificar el lugar en que ocurrieron, la corte inferior señaló para la vista de dicha moción el día 2 de noviembre de 1917, y por su sentencia de mayo 21 de 1918, impuso al peticionario

una multa de $200 y condenó tanto al peticionario como a su mayordomo a treinta días de cárcel, de la cual sentencia no se le dió copia al peticionario a pesar de haberla reclamado.

Que el administrador, por moción de mayo 8 de 1918, declaró y afirmó que el ingreso obtenido en la referida administración hasta mayo 5 de 1918, alcanzaba a $7,519.78.

En la petición se señalaron como errores las siguientes "infracciones";

A. De los artículos 297 y 298 del Código de Enjuiciamiento Civil en relación con la doctrina sentada por esta corte en su sentencia de febrero 19 de 1918;

B. De los artículos 354–356 del Código Civil en relación con el artículo 1186 del mismo código y con los artículos 24, 25 y 26 de la Ley Hipotecaria;

C. Del artículo 135 del Código de Enjuiciamiento Civil y la regla 4ª. de las de la corte de distrito;

D. De la Ley de Procedimientos Legales Especiales de marzo 9 de 1905 en relación con el artículo 1816 del Código de Enjuiciamiento Civil de 1885, y de la jurisprudencia establecida por esta corte en el caso de *Sabater* v. *Escudero,* 23 D. P. R. 854, y de la sentencia del Tribunal Supremo de España de 21 de abril de 1896.

E. Del artículo 67 de la Ley de Procedimientos Legales Especiales tal cual fué enmendada por la ley de mayo 8 de 1906;

F. De los artículos 1221 y 1224 del Código Civil en relación con la Ley de Procedimientos Legales Especiales y el artículo 1226 del mismo Código Civil;

G. Del artículo 355 del Código Civil en relación con la Ley de Procedimientos Legales Especiales de 1905.

En la súplica se pide que se anulen las resoluciones de octubre 27 de 1917, febrero 5 y mayo 20 de 1918 y la orden nombrando el contador-partidor, que se ordene la entrega al peticionario de los $7,519.78, y los demás que se hubieren cobrado por ser rentas y productos de los bienes particula-

res del peticionario, y la entrega al peticionario de todos los bienes de su propiedad que le han sido indebidamente ocupados y cuya exclusión se solicita con sus rentas y productos por el *certiorari* No. 227, porque habiéndose separado al administrador, dichos bienes se hallan abandonados y consisten en su mayor parte de cultivos de café, cañas y frutos menores; y que le concedan las costas, gastos, desembolsos y honorarios de abogado.

En el acto de la vista el peticionario estuvo representado por un compañero suyo que radicó un "alegato adicional", suscrito por él mismo y por el peticionario, presentando en una forma más o menos plausible las principales cuestiones formuladas en el alegato original y levantando una o dos cuestiones nuevas.

En el alegato suplementario somete el peticionario los puntos siguientes:

### I.

Que la apelación para ante esta corte de la sentencia dictada por la corte de distrito decretando la administración judicial y desestimando la oposición a dicha administración priva a la corte de distrito de sus facultades para seguir actuando en el asunto hasta tanto se resuelva por esta corte la apelación establecida.

### II.

Que la apelación interpuesta contra la decisión de esta corte para ante la Corte de Circuito de Apelaciones y la remisión de los autos a aquella corte transfiere la jurisdicción a esta última.

### III.

Que la fianza prestada por el administrador judicial, en la que uno de los fiadores es abogado de dicho administrador y en la que los fiadores no llenan los requisitos que la ley prescribe, es nula, y también lo son los actos realizados por el administrador bajo esa garantía.

## IV.

La sentencia condenando al peticionario por desacato es totalmente nula.

## V.

### OTROS MOTIVOS DE NULIDAD.

1. La corte aparece resolviendo incidentes sustanciales sin celebrar vista alguna sobre los mismos y dar así oportunidad a las partes para la debida presentación y sumisión de las cuestiones planteadas. Así ocurrió: (a) en cuanto a la primitiva fianza del administrador; (b) con referencia a la suspensión del procedimiento; (c) con referencia a la resolución ordenando al deudor Méndez el pago de ciertas sumas al administrador; (d) con referencia a la resolución sobre fianza suspensiva y de reconsideración de la misma; y (e) otros casos sobre los cuales, en interés de la brevedad, sólo cita el peticionario los pasajes del récord en que se encuentran.

2. También se invita la atención de esta corte hacia los pagos autorizados por la corte de distrito con cargo a los fondos de la administración, especialmente en lo que se refiere a los honorarios de abogado y la moción pidiendo el pago de los mismos.

Se impugna también la validez de los pagos ordenados por cuanto se autorizaron cuatro días después de haberse dictado una orden destituyendo al administrador.

El nombramiento del contador-partidor es también, según el peticionario, nulo e ineficaz.

En el caso de *Martínez* v. *Crosas,* 25 D. P. R. 789, 791, refiriéndose a la orden de mayo 7 de 1917, dijo esta corte:

"Sin que entremos a considerar si dicha resolución es apelable o no opinamos que en el caso de que lo sea lo será únicamente en un solo efecto."

Más tarde, en el de *Martínez* v. *Martínez,* 26 D. P. R.

156, 157, refiriéndonos a la anterior decisión que acabamos de mencionar, indicamos que—

"El *certiorari* fué propiamente denegado en ese caso y aunque se admitiera que cuando se hace oposición a una solicitud pidiendo un administrador judicial el caso viene a ser contencioso, y la apelación entonces debe regirse por los preceptos de los artículos 297 y 298 del Código de Enjuiciamiento Civil, la denegatoria del *certiorari* siempre se sostendría por las razones expuestas en el último párrafo de la opinión."

Aunque no fué entonces necesario decidir y no lo decidimos en tantas palabras, como lo pretende el peticionario en este caso, que la apelación perfeccionada contra la sentencia de mayo 7 de 1917 produjo la suspensión de los procedimientos, sin embargo el pasaje citado volvió a abrir la cuestión para ulterior consideración y así lo quiso y fué entendido por esta corte en aquella fecha. En realidad de verdad, nos inclinábamos a creer entonces y ulteriores reflecciones nos han convencido de que el criterio más correcto sobre la materia es el que sostiene el apelante en el caso de *Martínez* v. *Martínez,* el peticionario en este caso.

La segunda proposición del peticionario, aunque es cierta por lo general, no puede sostenerse en el sentido en que se pretende en el presente caso. En apelación contra sentencia de esta corte, la fianza, para que pueda surtir efectos de *supersedeas,* deberá proveer para responder tanto de los daños y perjuicios como de las costas. Foster's Fed. Prac., tomo 3, p. 2482, sec. 703; 3 C. J. págs. 1273, 1294, 1296; 2 R. C. L. págs. 117, 122, 124; Taylor, Jurisdiction and Procedure of the U. S. Sup. Ct., 214; Ann. Cases, 1912 A, 259; *Covington Stock Yards* v. *Keith,* 121 U. S. 248.

Los únicos actos del administrador que se pretende hallarse viciados de los alegados defectos de la fianza son la toma de posesión en mayo 29 y junio 4 y la presentación de un informe y cuentas de gastos. Que los fiadores en el *affidavit* de justificación no cumplieron sustancialmente con los requisitos estatutorios no aparece de manera alguna fuera de toda

duda.   Poco después se sustituyó con una nueva fianza y no se ha demostrado perjuicio alguno.   La aprobación de la primera fianza por la corte de distrito no ha sido impugnada en la petición, ni la fianza en ella mencionada.   Dadas las circunstancias, la indicación hecha por primera vez en el alegato suplementario tres días antes de la vista llegó demasiado tarde y no demanda seria consideración.

La orden disponiendo la expedición de un mandamiento al marshal mandándole a poner al administrador en posesión de determinados bienes raíces, cuya ejecución resistió el peticionario, fué dictada en septiembre 29 de 1917, como resultado de una moción presentada el día anterior.   La orden para mostrar causa por la que no debiera castigarse al peticionario por desacato está fechada en octubre 27 de 1917, y le fué servida dos días después.   La vista se celebró en noviembre 2 de 1917.

Así pues, no sólo todos los procedimientos relativos al desacato, salvo solamente la sentencia pronunciada en mayo 21 de 1918, sino que también los incidentes que les precedieron y que produjeron semejante resultado tuvieron lugar mientras la apelación interpuesta contra la orden nombrando el administrador estaba pendiente de resolución ante esta corte.   Como corolario de la conclusión a que hemos llegado con referencia a los efectos de dicha apelación, se sigue que la corte inferior no tenía facultades para actuar.   13 C. J. 54. Debe añadirse, además, que todo el procedimiento tuvo lugar después de nuestra decisión de julio 28 de 1917, en el caso de *Martínez* v. *Crosas, supra,* y que la corte de distrito, sin duda, descansó en la opinión de ese caso.

La cuestión de la validez de los procedimientos por desacato es lo que motivó la expedición de este auto, y no necesitamos discutir detalladamente cada uno de los puntos técnicos que han podido sugerir la ingenuidad del peticionario o de su abogado.   Respecto de las materias no resueltas anteriormente, algunas de ellas ni siquiera se mencionan en la petición, otras no fueron impugnadas en la corte inferior, ni

se ha demostrado perjuicio sustancial alguno, y la mayor parte, si no todas ellas, pudieron revisarse en apelación.

La sentencia de mayo 21 de 1918 y las órdenes de octubre 27 de 1917 y febrero 5 de 1918 deben ser revocadas.

> *Revocadas las órdenes de octubre 27, 1917, febrero 5 de 1918 y mayo 21, 1918 recurridas.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey disintieron.