PROVIDENCIA PLANIS, peticionaria, *v.* LA CORTE DE DISTRITO DE HUMACAO, HON. RAFAEL ARJONA SIACA, JUEZ, demandada.

No. 747.—*Sometido:* Marzo 5, 1931. *Resuelto:* Junio 19, 1931.

*A. L. López,* abogado de la peticionaria; *González Fagundo & González Jr.,* abogados de la interventora.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

De la petición en este caso y los hechos esenciales, puede darse por sentado que Isabel Osorio Naranjo trató de obtener declaratoria de herederos a favor de sus menores hijos, en su carácter de únicos nietos naturales de Román Boada. Los hijos reclaman por derecho de representación de su padre, Pedro Boada, alegado hijo natural de Román Boada.

La petición se presentó en junio 27, 1930, y el 24 de septiembre del mismo año, Providencia Planis, peticionaria en este recurso de certiorari, radicó solicitud ante la Corte de Distrito de Humacao para intervenir en dicho caso. Esa solicitud iba acompañada de una moción de oposición. La teoría de estos · dos · escritos era que Román Boada falleció bajo testamento, dejando todos sus bienes a la peticionaria Providencia Planis; que Pedro Lasanta, padre de dichos menores, en realidad jamás fué reconocido por Román Boada como hijo natural, y que si Pedro Lasanta tuvo derecho a ser reconocido, tal derecho prescribió en 1905.

Se hizo oposición a la petición de Providencia Planis, la corte oyó el 24 de noviembre, 1930, las cuestiones planteadas y en diciembre 1, 1930, dictó resolución declarativa de que, después de oír a las partes y examinar los autos, y no apareciendo de la moción el interés de Providencia Planis, se declaraba sin lugar la referida moción. Aparece del récord que la corte hizo más que examinar la moción; penetró en los méritos de la solicitud de Providencia Planis.

La peticionaria apeló de la orden de la corte, y además presentó moción para reconsiderar. Esa moción fué denegada.

El 10 de enero de 1931, Isabel Osorio presentó una solicitud a la corte, y obtuvo una orden para el pago de $1,000 de los fondos de la herencia, y la orden fué ejecutada.

De lo consignado en la petición de este caso no aparece que se hiciera a la corte solicitud o indicación alguna para que se suspendieran los procedimientos ínterin se resolviera la apelación de la orden negando la intervención. La peticionaria Providencia Planis niega en esta petición de certiorari ante nos que tenga intención alguna de discutir los méritos de la solicitud de intervención, sino que únicamente se limita a mantener que la Corte de Distrito de Humacao carecía de jurisdicción hasta tanto se resolviera la apelación de la orden negando el derecho a intervenir.

La peticionaria se apoya en el artículo 297 del Código de Enjuiciamiento Civil, que dice así:

"Formulada una apelación, producirá el efecto de suspender todo procedimiento en la corte inferior, respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ella, pero la corte inferior podrá proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la apelación."

Se invocan dos casos: *Pescay* v. *Texidor,* 26 D.P.R. 170, y *Martínez* v. *Crosas,* 27 D.P.R. 94. En cada uno de estos casos, las personas que atacan el derecho de la corte a proceder a discutir otras cuestiones eran partes en el procedimiento ante la corte. En el presente caso, Providencia Planis no llegó a ser parte; la corte inferior le negó ese derecho.

Estamos muy de acuerdo con los recurridos cuando dicen que si la negativa de una moción de intervención y la apelación consiguiente paralizaran todos los procedimientos en una corte, entonces casi todo procedimiento de naturaleza civil podría ser pospuesto indefinidamente; que la peticionaria nunca se convirtió en parte; y que lo único que aquí está envuelto es el derecho de intervención, y no los méritos del pleito.

Los recurridos también sostienen que el derecho de la peticionaria a intervenir fué negado por razón de los méritos del caso. Ella sugiere que si una moción de intervención es enteramente frívola, podría ser rápidamente resuelta por la corte inferior, e igualmente en apelación. No creemos, sin embargo, que deba someterse a los tribunales a ningún procedimiento tan complicado. Por el contrario, hay otros medios—tal vez por un pleito independiente, inclusive un *injunction* con fianza—de suspender los procedimientos, si hay algún mérito, o mérito aparente, en la reclamación de una persona. El derecho de intervención es hasta tal grado discrecional que jamás podría asumirse en el tribunal de apelación que el peticionario tuviera un derecho natural a

intervenir. Esto debe demostrarse en la apelación. Aunque puede imaginarse fácilmente que en algunos casos esto crearía dificultades, tales dificultades serían decididamente de menor trascendencia que la de que todos los casos estén sujetos a paralización. El artículo 297 del Código de Enjuiciamiento Civil literalmente no sostiene la contención de la peticionaria. La única cuestión envuelta en la apelación es el derecho a intervenir, y no las otras cuestiones pendientes en el pleito.

El que suscribe siempre ha tenido alguna duda respecto a si los procedimientos en una corte de distrito deben suspenderse sin fianza de supersedeas, y se ha sometido a las palabras literales de la ley. Sin embargo, si pudiera prevalecer la contención de la peticionaria, una duda nueva y más fuerte surgiría en su mente.

*Debe anularse el auto de certiorari.*